JONES, Appellant,

v.

SHELLY COMPANY et al., Appellees.

[Cite as *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 48 CA 1994.

Decided Sept. 21, 1995.

*Ralph C. Buss,* for appellant.

*Theodore M. Munsell, Cynthia L. Sands, Douglas J. Suter* and *Robert J. Behal,* for appellees.

WILLIAM B. HOFFMAN, Judge.

Plaintiff-appellant John Jones appeals the Fairfield County Court of Common Pleas' grant of summary judgment in favor of defendants-appellees Shelly Company, Highway Traffic Control, Inc., Fairfield County, Fairfield County Commissioners, and Robert Reef, the Fairfield County Engineer.[1]

On July 6, 1990, appellant was injured when the motorcycle he was operating collided with an advance warning construction sign erected on Hamburg Road in Fairfield County, Ohio. At approximately 10:30 p.m. on that evening, appellant was traveling southbound on South Broad Street in Fairfield County, Ohio. South Broad Street branches into a Y-split, with State Route 793 continuing to the left and Hamburg Road continuing to the right. Appellant approached the Y-split and traveled to the right, proceeding southbound on Hamburg Road.

Two advance warning signs are involved in this matter. The first, an OW–120 "Road Closed Ahead" sign ("OW–120 sign"), was placed approximately two hundred thirty-eight feet north of the Y-split. The OW–120 sign was erected on July 5, 1990. It was three feet by three feet in size, bright orange and reflectorized. Appellant claims that he never saw this first advance warning sign.

The geographical location of the second advance warning sign, an R–76A "Road Closed 1/10 Miles Ahead Local Traffic Only" sign ("R–76A sign"), is in dispute.

---

1. Appellant also included one Darla Benson as a defendant in his complaint. Benson is an employee of Shelly Company. However, appellant voluntarily dismissed Benson from this action subsequent to the trial court's summary judgment entry. Therefore, Benson is not a party to this appeal.

Appellant claims that the R–76A sign was placed twenty to thirty feet south of the Y-split. Appellees Shelly Company and Highway Traffic Control, Inc. claim in their briefs that the R–76A sign was located at the Y-split. However, appellees fail to provide citations to what evidentiary material in the record support this claim. The claim seems to be based on the affidavit of appellees' expert witness Jack Holland. However, this claim is ambiguous and tenuous at best. Nevertheless, when applying Civ.R. 56 standards that the evidence must be viewed in the light most favorable to the nonmoving party (appellant), at a minimum, a genuine dispute of material fact exists as to the geographical location of the sign.

In addition, there is a genuine dispute regarding whether the R–76A sign was properly reflectorized in accordance with Ohio Manual of Uniform Traffic Control Devices ("OMUTCD") Sections 7F–2 and 7F–4. While appellant claims that the sign was not properly illuminated, the appellees claim that it was properly reflectorized and had a flashing light on top. Further, the parties disagree as to whether overhanging tree branches and foliage blocked the view of the R–76A sign from the approximate location of the OW–120 sign. Appellant claims that his view was obstructed in this fashion, whereas the appellees claim that appellant's testimony indicates that the view was unobstructed. The parties do agree that the R–76A sign was white and five feet by three feet in size.

Appellant claims that he was unable to see the R–76A sign until he was twenty to thirty feet away from it. He claims that the sign was blocking the "entire southbound lane and middle of the roadway," forcing him to attempt to go around the sign on the left. Appellant was unsuccessful in this attempt and sustained injuries when his motorcycle collided with the R–76A sign.

Appellant filed a complaint in the Fairfield County Court of Common Pleas, alleging that each appellee was negligent in the design, construction, maintenance, improvement and/or supervision of the OW–120 and R–76A signs and that this negligence created a nuisance which proximately caused appellant's injuries.[2] Arguing that they are immune from liability under R.C. Chapter 2744, the Political Subdivision Tort Liability Act, appellees Fairfield County, Ohio, Fairfield County Commissioners, and Robert Reef, Fairfield County Engineer ("the Fairfield County appellees") moved for summary judgment in their favor on April 29, 1994. On May 9, 1994, appellee Shelly Company filed its motion for summary judgment, on the basis that its alleged design, construction, maintenance and/or

---

2. Although none of the briefs submitted to this court clearly explain the relationship between the parties, the record indicates that the Fairfield County appellees entered into a contract with appellee Shelly Company to perform the construction work on Hamburg Road for which the OW–120 and R–76A signs were erected. Appellee Shelly Company subcontracted duties under this contract to appellee Highway Traffic Control, Inc.

supervision of the OW–120 and R–76A signs were neither negligent nor a nuisance. Appellee Highway Traffic Control, Inc., filed a motion for summary judgment on similar grounds on May 6, 1994.

On June 7, 1994, appellant filed a motion for continuance of the summary judgment proceedings. Appellant further moved to strike the affidavit of Jack Holland, an expert witness for the appellees. In response, the trial court set all motions for hearing on June 24, 1994. On that date, the trial court overruled appellant's motion for continuance and motion to strike. On June 28, 1994, the trial court granted each of the appellees' motions for summary judgment. It is from this order that appellant appeals, raising the following assignments of error:

"I. The trial court erred in granting the motions for summary judgment of defendants Shelly Company and Highway Traffic Control, Inc.

"II. The trial court erred in granting the motion for summary judgment of defendants Fairfield County, Fairfield County Commissioners, and Fairfield County Engineer Robert Reef.

"III. The trial court abused its discretion in denying the plaintiff's motion for continuance of summary judgment proceedings pursuant to Civ.R. 56(F).

"IV. The trial court abused its discretion in denying plaintiff's motion to strike the affidavit of Jack Holland."

We will address the second assignment of error first.

Appellant seeks to impose liability on the Fairfield County appellees for their allegedly negligent design, construction and maintenance of the OW–120 and R–76A advance warning construction signs. In particular, appellant claims that the OW–120 sign created a nuisance because it was the "wrong sign in the wrong location" under the OMUTCD. Further, appellant asserts that the R–76A sign constituted a nuisance because (1) it was improperly placed twenty to thirty feet south of the Y-split;[3] (2) it was improperly erected in the middle of the southbound lane;[4] (3) it was inadequately reflectorized; and (4) it was obstructed by overhanging tree branches and foliage, all in violation of the OMUTCD. Appellant argues that these factors in combination with the sudden curve in Hamburg Road created a nuisance which proximately caused his injuries.

The Fairfield County appellees respond that they are immune from liability under R.C. Chapter 2744, the Political Subdivision Tort Liability Act, because

---

**3.** We will henceforth refer to the location of the sign relative to the Y-split as the sign's "geographical" location.

**4.** We will henceforth refer to the location of the sign relative to its placement on the road as the sign's "linear" location.

their acts and omissions with regard to these signs are "governmental functions" as defined in R.C. 2744.01(C) and that the "discretion" defenses of R.C. 2744.03(A)(3) and (5) apply.

■ When reviewing on appeal a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215. See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

R.C. Chapter 2744 provides a three-tiered analysis for determining the availability of sovereign immunity to political subdivisions. R.C. 2744.02(A)(1) provides that a political subdivision is generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of that political subdivision. This provision is generally referred to as the "blanket immunity" provision.

R.C. 2744.02(B) then lists five exceptions to the blanket immunity provision. The subsection relevant herein is R.C. 2744.02(B)(3), which provides that:

"Political subdivisions are liable for injury, death or loss to persons or property caused by their failure to keep *public roads, highways, streets,* avenues, alleys, sidewalks, bridges, aqueducts, viaducts or public grounds within the political subdivision *open, in repair, and free from nuisance.*" (Emphasis added.)

However, R.C. 2744.03 then goes on to enumerate defenses that can be asserted by a political subdivision to avoid liability. R.C. 2744.03(A)(3) and (5) are relevant to the instant case.

■ R.C. 2744.03(A)(3) grants immunity to a political subdivision where the act or failure to act by an employee was within the discretion of the employee as to "policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." R.C. 2744.03(A)(5) provides that a political subdivision is immune from liability if the injury "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." In *Scheck v. Licking Cty. Commrs.* (July 18, 1991), Licking App. No. CA–3573, unreported, 1991 WL 148100, this court previously held that the "discretionary" defenses set forth in R.C. 2744.03(A)(3) and (5) do not provide immunity where the allegedly negligent act of the political subdivision constitutes a nuisance under R.C. 2744.02(B)(3). We find the reasoning in *Scheck* to be persuasive and reaffirm that decision here.

It is undisputed that the Fairfield County appellees, as political subdivisions performing governmental functions, are initially provided sovereign immunity under the blanket immunity provision, R.C. 2744.02(A). They lose their immunity only if the allegations set forth by the appellant with regard to the OW–120 and R–76A advance warning construction signs constitute a nuisance under R.C. 2744.02(B)(3).

In *Mfr.'s Natl. Bank of Detroit v. Erie Cty. Road Comm.* (1992), 63 Ohio St.3d 318, 587 N.E.2d 819, and *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502, the Ohio Supreme Court interpreted the term "nuisance" in the context of R.C. 2744.02(B)(3). In *Manufacturer's*, the court held that a permanent obstruction to visibility, within the highway right of way, which renders the regularly traveled portions of the highway unsafe for the usual and ordinary course of travel, can be a nuisance for which a political subdivision may be liable under R.C. 2744.02(B)(3). *Id.* at paragraph one of the syllabus.

In *Franks,* the court refused to expand the definition of nuisance to include design and construction defects and the failure to erect signage. However, it did find that the failure to maintain the signage already in place may constitute an actionable nuisance claim. *Franks,* 69 Ohio St.3d at 348, 632 N.E.2d at 504–505. By way of example, the court noted that overhanging branches and foliage which obscure traffic signs, malfunctioning traffic signals, signs which have lost their capacity to reflect and physical impediments, such as potholes, if left unabated, may constitute a nuisance under R.C. 2744.02(B)(3).

Pursuant to these authorities, we find that appellant has raised a genuine issue of material fact with regard to whether the R–76A sign constitutes a nuisance but that he has failed in this regard as to the OW–120 sign. In that a genuine issue of material fact remains for trial, we find that the entry of summary judgment in favor of the Fairfield County appellees was error and we hereby reverse.

First, appellant argues that the OW–120 sign was the "wrong sign in the wrong location" under the OMUTCD. In particular, appellant claims that the OW–120 "Road Closed Ahead" sign was inappropriate under the circumstances because the road ahead was not, in fact, closed to all traffic. Therefore, appellant argues that the Fairfield County appellees should have erected an OW–127 "Detour Ahead Sign" instead. Further, he argues that this first advance warning sign created a nuisance because it failed to alert traffic well in advance of the obstruction in the roadway.

■ Appellant's arguments are without merit. Appellant was injured when the motorcycle he was operating collided with the *second advance warning sign.* Because the OW–120 sign was not intended to warn motorists about the next sign but, rather, about upcoming construction, any alleged defects in the OW–120 sign

are immaterial with regard to the discernability of the R–76A sign. Therefore, appellant's objections to the OW–120 sign are not relevant and cannot constitute a nuisance under R.C. 2744.02(B)(3).

Appellant raises several arguments in support of his assertion that the R–76A sign constitutes a nuisance. In particular, appellant argues that said sign creates a nuisance because of its (1) improper geographical location; (2) improper linear location; (3) inadequate reflectorization; and (4) obstruction by overhanging tree branches and foliage. Appellant further asserts that these factors, when combined with the sudden curve in Hamburg Road, created the nuisance which proximately caused his injuries.

██ We hold that the negligent placement of an advance warning construction sign may constitute a nuisance under the definition of that term in *Franks*, i.e., the failure to maintain signage already in place. Therefore, we find that appellant has raised a genuine issue of material fact with regard to whether the allegedly negligent placement of the R–76A sign in the instant case constitutes a nuisance under R.C. 2744.02(B)(3), precluding summary judgment in favor of the Fairfield County appellees.

Appellant presented evidence that the geographical placement of the R–76A sign at a point twenty to thirty yards beyond the Y-split was improper and in violation of Section 7C–5 of the OMUTCD. Section 7C–5 states, in pertinent part:

"7C–5 Road Closed Miles Ahead Signs (R–76A, B, C, R–101)

"One of these signs shall be used at the point where through traffic must detour to avoid a closing of the highway at a construction or maintenance project located beyond the point of detour. It should be erected in the center of the roadway on a Type III barricade [5] or, as an acceptable alternative, at the right of the roadway when the pavement is narrow."

Appellant maintains that the R–76A sign in the instant case was placed beyond the Y-split and, therefore, well after the point where through traffic must detour to avoid a closing of the highway at a construction or maintenance project under the OMUTCD. Appellant further maintains that, had the R–76A sign been

---

5. With regard to the requirements for Type III barricades, Section 7F–4 of the OMUTCD states:

"Barricades must not only be highly visible by themselves, but they shall also be protected by advance warning devices at night.

"For nighttime use, flashing warning lights should be added when barricades are used singly and steady burn lights are used in a series for channelization."

In addition, Section 7F–2, Table 7–1, requires that Type III barricades contain three reflectorized rail faces per direction facing traffic.

placed in accordance with OMUTCD Section 7C–5, said sign would have been more clearly visible in that it would not have been obscured by the sharp curve in Hamburg Road. Further, appellant argues that placement of the R–76A sign at the Y-split would have afforded him a greater opportunity to avoid the sign by continuing left on State Route 793.

We agree that the alleged failure to place the sign at the point where through traffic must detour as required by the mandatory language of the OMUTCD may give rise to an actionable nuisance claim under R.C. 2744.02(B)(3). Further, we find that the allegedly improper linear placement of the sign in the center of the southbound lane and the allegedly inadequate reflectorization may contribute to a finding of nuisance under that section. Furthermore, we believe that the overhanging tree branches and foliage which appellant claims obstructed the view of the R–76A sign from the location of the OW–120 sign may contribute to a finding of nuisance under R.C. 2744.02(B)(3) as that term is defined in both *Manufacturer's* and *Franks*.

In that a genuine issue of material fact remains for trial with regard to the allegedly negligent placement of the R–76A sign, we reverse the grant of summary judgment in favor of the Fairfield County appellees.

We now address the appellant's first assignment of error.

In his first assignment of error, appellant seeks to impose liability on appellees Shelly Company and Highway Traffic Control, Inc. for their allegedly negligent design, construction and maintenance of the OW–120 and R–76A advance warning construction signs.[6] Appellant bases his claim against said appellees on the same allegations of negligence and nuisance with regard to the OW–120 and R–76A signs as are set forth against the Fairfield County appellees.

█ For the reasons set forth in our discussion of appellant's second assignment of error, we find that appellant has raised a genuine issue of material fact as to whether the linear and geographical placement of the R–76A sign as well as its allegedly inadequate reflectorization constitute a nuisance for which appellees Shelly Company and Highway Traffic Control, Inc. may be held liable.

We reverse the trial court's entry of summary judgment in favor of said appellees.

We will now address appellant's third and fourth assignments of error together.

---

6. Neither the trial court nor the parties to this action addressed the basis or nature of appellees Shelly Company and Highway Traffic Control's alleged responsibility for the OW–120 and R–76A signs. Therefore, we will not consider this issue on appeal.

In his third and fourth assignments of error, appellant asserts that the trial court abused its discretion in denying appellant's motion for continuance of summary judgment proceedings pursuant to Civ.R. 56(F) and in denying appellant's motion to strike the affidavit of Jack Holland.

In that we find the trial court's entry of summary judgment in favor of appellees to be error, appellant's third and fourth assignments of error are moot and we will not discuss them further.

For the foregoing reasons, we reverse the trial court's entry of summary judgment in favor of appellees Shelly Company, Highway Traffic Control, Inc., Fairfield County, Fairfield County Commissioners, and Robert Reef, the Fairfield County Engineer, and remand the instant cause to the Fairfield County Court of Common Pleas.

*Judgment reversed*
*and cause remanded.*

GWIN, P.J., and FARMER, J., concur.