OPINION
In an accelerated appeal of a slip and fall case, appellants, Janet and Benjamin Millard, appeal the decision of the Butler County Court of Common Pleas to grant summary judgment in favor of appellees, The Sisters of Mercy of Hamilton ("Mercy") and Hart Sealing, Inc. ("Hart"). We affirm the decision of the trial court.
On October 19, 1993, Janet Millard ("Janet") fell on a U-shaped driveway located outside of Mercy Hospital and was injured. When Janet arrived at Mercy Hospital, it was not raining. However, when Janet was leaving Mercy Hospital, it was raining and she fell on the U-shaped driveway. Janet injured her ankle as a result of the fall.
Millard filed a complaint against Mercy and Hart which was eventually voluntarily dismissed without prejudice pursuant to Civ.R. 41(A). The complaint, in essence, alleged Hart negligently applied sealer to the driveway and that Mercy failed to inspect the premises and/or warn those entering and exiting the hospital of the potential danger of the slipperiness of the driveway. The complaint was refiled and Hart and Mercy denied any liability in their respective answers. Hart and Mercy proceeded to move for summary judgment pursuant to Civ.R. 56. The trial court granted summary judgment in favor of Hart and Mercy. From this decision, appellants filed a timely notice of appeal and present one assignment of error for our review:
 The trial court erred by granting Defendant-appellees' Motions for Summary Judgment.
Pursuant to Civ.R. 56(C), "the appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelley Co. (1995), 106 Ohio App.3d 440, 445.
In their assignment of error, appellants argue that the trial court erred by granting appellees' motion for summary judgment. The trial court granted summary judgment to appellees based on two findings: (1) appellants' expert was not timely produced through discovery and this failure unfairly prejudiced appellees, and (2) in any event, the expert's testimony was "based on impermissible speculation and conjecture." Since we conclude that the record, including the expert testimony of H. Richard Hicks, is insufficient to create an issue of material fact in order for appellants to survive appellees' motion for summary judgment, we decline to address the discovery issue.
H. Richard Hicks, a professional engineer, provided his expert opinion on the cause of appellant's fall through a report dated August 26, 1998. Hicks inspected the parking lot on December 2, 1997, more than four years after the accident. According to his report, "[s]lips are the result of insufficient resistance to movement between the pedestrians shoe and the walking surface." A slip resistance (SR) below 0.5 is considered unsafe. Hicks tested the SR at five locations, the fifth location being the area where appellant fell. The result at the fifth location was an SR of 0.65, within the safe range. However, Hicks concluded the SR when appellant slipped and fell would have been lower for three reasons: (1) the slope of the area where she fell reduced the effective SR; (2) there would have been a lower SR during wet conditions; and (3) since the parking lot had been recently sealed when appellant fell in 1993, the extra sealer would have created a lower SR.
Hicks concluded that the lower SR was due to the surface sealer utilized by Hart Sealing, Inc. Specifically, Hicks found as follows:
 It is likely that the slipperiness of the surface sealer was due to one of the following:
A. No sand put in the mix.
B. Not enough sand put in the mix.
 C. Gradation of sand used was not of the necessary coarseness to provide the necessary slip resistance.
 D. Mix not properly agitated up until applied to the surface causing sand to settle out and not be applied to the surface.
E. Mix applied too thick.
Hicks could not identify which of these possible causes was responsible for the surface sealer which created an unsafe SR at the time of appellant's accident.
Hicks is speculating about five theoretically possible causes for an unsafe SR at the time of the accident. In Stinson v.England (1994), 69 Ohio St.3d 451, paragraph one of the syllabus, the Supreme Court of Ohio held that "[t]he admissibility of expert testimony that an event is the proximate cause is contingent upon the expression of an opinion by the expert with respect to the causative event in terms of probability." The court held that "[a]n event is probable if there is greater than fifty percent likelihood that it produced the occurrence at issue." Id. Hicks' report that any one of five possible causes are likely to explain the slipperiness of the driveway does not meet the mandate ofStinson.
Moreover, upon reviewing Hicks' entire affidavit, his conclusions are largely theoretical. Hicks is speculating about possible reasons that the surface sealer was inadequate in 1993. The only concrete test showed a SR of 0.65 at the location of the accident. Hicks fails to explain in sufficient detail to what extent wet conditions or more recent surface sealing would affect an SR, instead substituting conclusive statements. Of course, appellants are entitled to all reasonable inferences from the facts to be taken in their favor. However, Hicks' report is too far removed from the time and conditions of the accident.
In short, we agree with the trial court that Hicks' report amounts to speculation and conjecture. Thus, construing the facts and inferences therefrom in appellants' favor, they have failed to establish a prima facie case of negligence. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.