OPINION
Plaintiffs-appellants, Allen E. Adams and Rose A. Adams, appeal the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Primax Window Co., Inc. ("Primax") and Winchester Industries, Inc. ("Winchester").
Appellants purchased a new home and began shopping for windows. After watching an infomercial for Primax Windows on television, appellants met with a Primax salesman and decided to buy windows from Primax. Mr. Adams relied on Primax's promise of a "50-Year Non-Prorated Warranty" when contracting with Primax. During contract negotiations, appellants received no information indicating that another company, Winchester, had manufactured the windows being sold. Appellants did not know that Winchester was the manufacturer of the windows at the time of purchase. Appellants purchased between twenty and twenty-five windows from Primax.
Appellants paid Primax $13,750 for the windows and installation. Primax installed the windows on October 15, 1993. Although appellants cannot recall the exact date, they discovered problems with the windows in 1993. Appellants observed air infiltration around the windows that had been installed. Appellants also noticed wall damage around each window and discovered a cracked marble windowsill. Finally, appellants experienced difficulties in opening and closing sliding glass doors that had been installed by Primax.
Appellants immediately complained to Primax, who sent their agents to appellants' home at least fifteen times over the course of the next two years. Although many different types of repairs were attempted, the problems persisted. Appellants covered the windows with clear plastic wrap to try to reduce air leakage that was occurring throughout the house. On July 8, 1996, Mr. Adams filed a formal consumer complaint with the attorney general concerning the windows and Primax's inept repair attempts. On February 12, 1997, the attorney general's office notified appellants that Primax would not agree to consider any further repair attempts. The attorney general encouraged appellants to seek the services of an attorney.
On January 2, 1998, appellants filed a complaint against Primax in the Warren County Court of Common Pleas. On February 10, 1998, appellants filed an amended complaint, which added Winchester as a defendant. Appellants' final amended complaint alleged that Primax and Winchester had violated the Ohio Consumer Sales Protection Act ("CSPA") and the Uniform Commercial Code ("UCC"). Appellants also alleged that Primax had violated the Magnuson-Moss Warranty Act. During discovery, appellants received a copy of a fifty-year warranty from Winchester which was supposed to have been given to appellants during the sale of the windows. However, appellants had not received this warranty at the time of purchase. Primax filed a motion for summary judgment with the trial court on May 1, 1998. The trial court granted summary judgment in favor of Primax and Winchester on all issues. Appellants filed a timely appeal, raising six assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' CSPA CLAIMS AGAINST PRIMAX AS UNTIMELY[.]
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' UCC CLAIMS AGAINST PRIMAX AS UNTIMELY[.]
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' UCC CLAIMS AGAINST THE MANUFACTURER DUE TO AN ABSENCE OF PRIVITY[.]
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' CSPA CLAIMS AGAINST THE MANUFACTURER DUE TO A LACK OF PRIVITY[.]
Assignment of Error No. 5:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' CLAIMS AGAINST THE MANUFACTURER AS UNTIMELY[.]
Assignment of Error No. 6:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS' CLAIMS UNDER THE MAGNUSON-MOSS WARRANTY ACT[.]
In each of their assignments of error, appellants argue that the trial court's granting of summary judgment was error. Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
In the first assignment of error, appellants assert that it was error for the trial court to find that claims that Primax had violated the CSPA were barred by the statute of limitations. Appellants contend that Primax breached an express warranty that Primax had provided when the windows were sold, in violation of the CSPA.
The CSPA prohibits suppliers from committing unfair, deceptive, or unconscionable acts or practices in connection with consumer transactions. Sproles v. Simpson Fence Co. (1994),99 Ohio App.3d 72, 80, citing R.C. 1345.02 and 1345.03. R.C.1345.10(C), which establishes a statute of limitations for an action under the CSPA, states:
 An action under section 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of the suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later.
Although appellants discovered the installation problems with their windows in 1993, they did not file a claim under the CSPA until January 1998. Appellants assert that because their lawsuit was filed within one year after the termination of proceedings with the attorney general regarding the Primax windows, it was not barred by the statute of limitations. Primax contends that the statute of limitations had expired before appellants filed a complaint with the attorney general and that the statute of limitations cannot be extended after it had already run.
We agree with Primax's reasoning regarding this issue. Surely, R.C. 1345.10(C) should not be interpreted to mean that any time a consumer files a complaint with the attorney general, the statute of limitations regarding that complaint begins anew. If that was the rule, the statute of limitations would be indefinite. Appellants discovered problems with the windows in 1993 but did not sue Primax until January 1998. Appellants failed to file a complaint with the attorney general within two years of discovery of the problems with the windows. Therefore, Primax was not estopped from asserting the statute of limitations defense. We find that the statute of limitations for the CSPA claim was not tolled for any reason in this case and overrule the first assignment of error.
In their second assignment of error, appellants argue that their allegations of UCC violations by Primax were not barred by the statute of limitations. Appellants claim that Primax's failure to honor a fifty-year warranty that it made to appellants was a violation of the UCC as codified in R.C. 1301 et seq.
R.C. 1302.98 provides for a statute of limitations for actions under the UCC. R.C. 1302.98 states the following:
 An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *
 A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.
In this case, the breach of the sales contract probably occurred at the time of delivery. However, construing the facts most favorably for appellants, it may be shown that the warranty was a part of the sales contract and explicitly extended to the future performance of the windows for the next fifty years. If a product fails within its warranty period, the limitations period should begin to run from the day the defect is or should have been discovered. Standard Alliance v. Black Clawson Co. (C.A.6, 1978),587 F.2d 813, 821. In this case, the breach of warranty occurred when appellants discovered that their windows leaked air. In his deposition, Mr. Adams stated that he had noticed a problem with the windows sometime during 1993, although he could not recall the exact date. Appellants filed suit against Primax on January 2, 1998. Because this action was filed more than four years after the breach of contract, it is barred by the statute of limitations.
Appellants urge this court to apply a "repair rule" to toll the statute of limitations. However, under the law of Ohio, the statute of limitations for a UCC claim does not toll while an innocent purchaser relies upon the seller's promises to repair.Beck v. Trane Co. (Dec. 19, 1990), Hamilton App. Nos. C-890610, C-890623, unreported. R.C. 1302.98(D) refers expressly to R.C.2305.15 and 2305.16, which provide for the tolling of the statute of limitations only in the following circumstances: where the defendant is out of state, has absconded or concealed himself, or where the plaintiff is within the age of minority at the time that the cause of action accrues or is of unsound mind. Id. at 6.
None of the circumstances that toll the statute of limitations are present in this case. Moreover, the record does not show that Primax acted fraudulently or attempted to dissuade appellants from pursuing legal action at any time after the air leakage was discovered. Accordingly, we overrule the second assignment of error.
In their fifth assignment of error, appellants assert that their claims against Winchester were not barred by the statute of limitations. For the same reasons explained in our analysis of the first and second assignments of error, we find that appellants' claims against the manufacturer were untimely. Therefore, the fifth assignment of error is overruled. Because appellants' claims under the CSPA and UCC are time-barred, the issues argued in appellants' third and fourth assignments of error are moot. Therefore, we overrule the third and fourth assignments of error.
In their sixth assignment of error, appellants argue that the trial court's dismissal of claims under the Magnuson-Moss Warranty Act was error. Because the Magnuson-Moss Warranty Act, Section 2301 et seq., Title 15, U.S. Code contains no statute of limitations, the appropriate Ohio statute of limitations applies.Anderson v. Buckeye Ford (July 15, 1981), Lorain App. No. 3109, unreported. When suit is filed claiming economic loss resulting from a sales contract, the applicable statute of limitations is the four-year statute of limitations of the UCC. Id. at 6. Therefore, appellants' claims under the Magnuson-Moss Warranty Act are also barred by the statute of limitations for the reasons outlined in our discussion of the second assignment of error. The sixth assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.