OPINION
In a zoning dispute, defendant-appellant, Donald T. Lynch, appeals a decision of the Warren County Court of Common Pleas. The trial court granted summary judgment on appellant's counterclaim in favor of plaintiff- appellee, the Salem Township Zoning Commission. We affirm the decision of the trial court.
Appellant owns a one-half acre lot located at 6025 U.S. Route 22 and 3 East in Roachester, Ohio. There is a fifteen thousand square foot building on the property. In July 1996, appellee filed a complaint against appellant for violating the zoning laws of Salem Township and sought an injunction. The complaint alleged that appellant was violating section 10.02(C) of the Salem Township Zoning Code ("Zoning Code") by storing machinery that was not enclosed in a building, and section 20.02 and 20.06 of the Zoning Code by failing to have adequate parking or loading space.
Appellant filed a counterclaim asserting, inter alia, that the Zoning Code was unconstitutional and sought a permanent injunction against enforcement of the Zoning Code. Appellant also filed claims under both state law and Title 42, Section 1983, United States Code. The trial court bifurcated the original complaint and appellant's counterclaim.
A trial on appellee's complaint occurred on January 7, 1998. The trial court found that the equipment stored on the property had been moved and the violation of section 10.02(C) was moot. Concerning the allegations of inadequate parking or loading space, the trial court found in favor of appellant.
Appellee filed for summary judgment on appellant's counterclaim. The trial court granted summary judgment. From this decision, appellant filed a timely notice of appeal and presents three assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF-APPELLEES [SIC] WHERE THE COURT APPLIED AN ERRONEOUS STANDARD TO APPELLANT'S PROPERLY STATED CLAIM FOR A VIOLATION OF HIS RIGHTS UNDER 42 U.S.C. § 1983 AND UNDER OHIO LAW.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE APPELLANT BY RULING THAT THE ZONING COMMISSION WAS NOT A PROPER PARTY AND THAT IT IS IMMUNE FROM SUIT.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE APPELLANT BY GRANTING SUMARY JUDGMENT AGAINST HIM ON HIS CLAIM FOR MALIIOUS PROSECUTION.
Pursuant to Civ.R. 56(C), "the appositeness of rendering summary judgment hinges upon a tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelley Co. (1995), 106 Ohio App.3d 440, 445.
In the first assignment of error, appellant argues that the trial court erred by granting appellee's motion for summary judgment in response to appellant's counterclaim. Appellant argues three separate issues: (1) the constitutionality of the Zoning Code on its face; (2) constitutionality of the Zoning Code in its application to appellant's property and (3) whether appellant's actions constituted a "taking." We address each issue in turn.
We begin by reaffirming that the Zoning Code in question, like all zoning ordinances, is "presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community."Goldberg Cos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207,214. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains `beyond fair debate.'" Id. In Goldberg, the Supreme Court of Ohio clarified the difference between a constitutional challenge to a zoning ordinance and an alleging of a taking of a property:
 There is a difference between a constitutional challenge to an ordinance as applied to a parcel of land and a constitutional challenge that also alleges that a taking of the property has occurred. The first seeks only a prohibition against the application of the ordinance to the property, whereas with the second, the landowner seeks compensation for a taking of the affected property. Although both types of cases allege the unconstitutionality of a zoning ordinance, in order for the landowner to prove a taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation. A court may determine that a zoning ordinance is constitutional; however, the ordinance may nevertheless constitute a taking as applied to a particular piece of property, entitling the landowner to compensation.
 Id. at 210.
Having reviewed the record, we find appellant's argument that the Zoning Code is facially unconstitutional untenable. The fact that every term in the Zoning Code is not defined does not render the statute unconstitutional on its face. Despite appellant's assertion, the trial court's decision regarding appellee's claims does not imply the Zoning Code is unconstitutional on its face. In ruling on appellant's alleged violations of the Zoning Code, the trial court merely found that appellee had not met the burden of proof to demonstrate how appellant's actions were in violation of the Zoning Code sections for which he was cited. The court never addressed the constitutionality of the Zoning Code. We find that the Zoning Code bears a "substantial relation to the public health, safety, morals and general welfare." Goldberg at 210; see Zoning Code, Section 1.01 (describing the purpose of the Zoning Code). We cannot conclude the Zoning Code is unconstitutional beyond fair debate.
We also cannot find the statute was applied in an unconstitutional manner toward appellant. We agree with the trial court that appellant's affidavit does not provide any evidence of how appellant was treated any differently from similarly situated citizens. Having reviewed the entire record, appellant's allegations of harassment by appellee amount to an extended disagreement with appellee over the nature of his obligations under the Zoning Code. We fail to see any constitutional violation in the application of the Zoning Code to appellant.
We turn to appellant's separate claim that appellee's actions constituted a "taking" because he was deprived of all economically viable use of the property. "A zoning ordinance denies a property owner an economically viable use if it denies an owner all uses except those which are highly unlikely or practically impossible under the circumstances." Cent. Motors Corp. v. Pepper Pike
(1995), 73 Ohio St.3d 581, 587, citing Gerijo, Inc. v. Fairfield
(1994), 70 Ohio St.3d 223, 228.
The record does not support denial of all economically viable use. This case is about appellee seeking to enforce ordinary zoning restrictions. To the extent appellant's property was diminished in value, it was due to appellee attempting enforce the existing Zoning Code. Having reviewed the record, including appellant's affidavit, we fail to see any credible evidence appellee forced appellant to stop operating his business. Cf.Wilson v. Trustees Union Township, Clermont County, Ohio (Oct. 26, 1998), Clermont App. No. CA98-06-036, unreported, at 10 (appellant failed to provide specific facts regarding economic viability). The record shows appellant chose to stop operating his business because of his conflict with appellee about his obligations under the Zoning Code. This disagreement does not rise to the constitutional dimension of a violation of the "taking" clause. The first assignment of error is overruled.
We address the third assignment of error out of order. In his third assignment of error, appellant argues that the trial court erred by granting summary judgment on his claim for malicious prosecution. A claim of malicious prosecution in Ohio has four elements: "(1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings[.]" Crawford v. Euclid Natl. Bank (1985),19 Ohio St.3d 135, 139 (citations omitted).
In reviewing the record, we agree with the trial court that appellant cannot establish a prima facie case of malicious prosecution. Even assuming appellant could show the other three elements were established in the record, a claim of civil malicious prosecution "will lie only in cases where there is a prejudgment seizure of property, i.e., where there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself." Robb v.Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 270. Appellant argues that the "seizure" existed because he was deprived of all viable economic use of the property by appellee. This argument is foreclosed by our disposition of the first assignment of error in which we agreed with the trial court's decision to dismiss appellant's "taking" claim. Thus, the third assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by finding that the Salem Township Zoning Commission is not a proper party and that it is immune. Based on our resolution of the first and third assignments of error in which we found the merits of appellant's claims cannot survive summary judgment, the second assignment of error is moot.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.