OPINION
Plaintiffs-appellants, Katina and Delbert Akers, appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Safe Auto Insurance Company. Finding that no issue of material fact exists, we affirm the decision of the trial court.
On August 16, 1996, appellant Katina Akers ("Akers") was involved in an automobile collision caused by the negligence of Kevin Bush ("Bush"). Bush was insured by Anthem Blue Cross and Blue Shield ("Anthem") with liability limits of $12,500 per person and $25,000 per accident. Bush had no other insurance coverage.
At the time of the collision, Akers was insured under an automobile insurance policy issued by Safe Auto Insurance Company ("Safe Auto"). The policy was initially issued on July 6, 1994 for a six-month period, and continued through the date of the collision by operation of a series of renewals. The policy provided underinsured motorist coverage with limits of $12,500 per person and $25,000 per accident.
On August 10, 1998, appellants filed suit against Bush and Anthem seeking compensation for injuries, and against Safe Auto alleging failure to pay underinsured motorist benefits. On November 24, 1998, appellants, with prior notice to Safe Auto, settled their personal injury claim with Bush for $12,500. As part of the settlement, appellants executed a full release of all claims against Bush and his insurance company, Anthem. As a result of the release, appellants' claims against Bush and Anthem were dismissed with prejudice.
On March 5, 1999, the remaining parties, appellants and Safe Auto, filed motions for summary judgment based upon a written stipulation of facts filed with the trial court on the same date. The parties agreed that the characterization of Akers' auto insurance policy as either one continuous contract or as a series of individual contracts was determinative of appellants' claim for underinsured motorist coverage. If each renewal were merely an extension of the contract entered into July 6, 1994, appellants would have an underinsured motorist claim against Safe Auto under the then-applicable law. However, if it were determined that Akers entered into a new contract with each renewal, appellants' claim would be barred by R.C. 3937.18(A) as amended effective October 24, 1994 by Am.Sub.S.B. 20 ("S.B. 20").
The parties filed memoranda in support of the motions for summary judgment on March 12, 1999. After hearing oral arguments on the matter, the trial court issued a decision on June 7, 1999 in which it granted Safe Auto's motion for summary judgment and overruled appellants' motion for summary judgment. The trial court found that the insurance renewals were expressly subject to Safe Auto's consent, and therefore each renewal constituted a new contract. The trial court also noted that the policy numbers, although very similar, differed with each renewal. As the latest renewal of the contract occurred after the effective date of S.B. 20, the trial court found that the statute as amended was applicable to appellants' claim, and that the statute barred appellants' claim against Safe Auto for payment of underinsured motorist benefits. Appellants appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, SAFE AUTO, AND OVERRULED THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFFS.
An appellate court must conduct a de novo review of the trial court's grant of summary judgment. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. Pursuant to Civ.R. 56(C), summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing all evidence in favor of the nonmoving party, reasonable minds could reach only a conclusion in favor of the moving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,289, the Supreme Court of Ohio held that "for the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into the contract for automobile insurance controls the rights and duties of the parties." Any changes in the statutory law which were enacted after the policy was issued may be incorporated into a renewal of the policy, if the renewal "represents a new contract of insurance separate from the initial policy." Benson v. Rosler
(1985), 19 Ohio St.3d 41, 44 (citations omitted).
The initial insurance contract in this case was entered into on July 6, 1994, and was renewed each six months thereafter. At the time Akers first obtained the insurance policy, the law as pronounced by the Ohio Supreme Court in Savoie v. Grange Mutualins. Co. (1993), 67 Ohio St.3d 500, was in effect. Under Savoie, appellants could collect underinsured motorist benefits up to their policy limits for damages in excess of payments made by a tortfeasor. However, the General Assembly effectively overruledSavoie by enacting S.B. 20. Under the amended statute, appellants are not entitled to underinsured motorist coverage because the tortfeasor's liability coverage is in an amount at least as great as Akers' underinsured motorist coverage.
Appellants maintain that the subsequent renewals of the insurance policy were merely continuations of the original contract first entered into on July 6, 1994. Therefore, Akers concludes that her claim is governed by the law as enunciated inSavoie. Safe Auto argues, to the contrary, that each renewal constitutes a new contract for insurance, entered into on the date of renewal, thereby incorporating the subsequent amendment to R.C.3937.18.
Generally, the renewal of an insurance policy represents a separate and distinct contract. Francis v. McClandish (Apr. 19, 1999), Athens App. No. 98CA21, unreported, 1999 WL 266680, at *7 (citations omitted). However, the determination of whether a renewal represents a new contract or merely a continuation of a prior one depends on the language of the instrument itself. Id.
The Supreme Court of Ohio addressed the extent to which a renewal of an automobile insurance policy represents a new contract of insurance in Benson v. Rosler, 19 Ohio St.3d at 41. In Benson, the policies in issue were written for six-month durations renewable for additional six-month periods at the limited option of the insuring company. Id. at 44. The contract expressly provided that the policy would "expire at 12:00 o'clock noon standard time on the expiration date shown," and that the policy would "automatically terminate at the end of any one policy period for which you * * * do not accept our offer to renew it."Id. The court concluded that the language of the policy defined six-month term policies which were renewable with the insurance carrier's consent; therefore, each renewal constituted a new contract for insurance. Id.
The Second Appellate District in Wolfe v. Wolfe (Nov. 6, 1998), Montgomery App. No. 17111, unreported, discretionary appeal allowed (1999), 85 Ohio St.3d 1446, interpreted a similar insurance policy which contained the following language:
 With our consent, this policy can be continued for successive policy periods by paying the required premium by the date each new policy period begins. If the premium is not paid when due, the policy will end as of that due date. (Emphasis omitted.)
The court found that the insured had no vested right to the continuation or renewal of the policy as the insurer reserved the right to decline to consent to the continuation of the policy. The court concluded that the insured's right to underinsured motorist coverage arose from the policy's most recent renewal, which incorporated S.B. 20.
Similarly, the insurance policy in the present case states:
 Subject to our consent, you may renew this policy. When we consent to renew this policy, you must pay the renewal premium in advance. We will mail you a notice telling you when your premium must be paid. If you fail to pay the required renewal premium when due, we must mail to you at least a 10 day notice of cancellation for nonpayment of premium. (Emphasis omitted.)
Because continuation of the policy is expressly subject to Safe Auto's consent, "it cannot be construed as continuing any vested rights that the insured may have had to underinsured motorist coverage under the policy in effect preceding the renewal * * *."Wolfe at *3. As in Wolfe and Benson, the insured in the present case had no vested right to the continuation of the policy. Rather, the renewal of Akers' insurance was expressly dependent upon the consent of Safe Auto, thus indicating that a new contract was entered into with each renewal.
Appellants try to make issue of the additional language requiring Safe Auto to provide Akers with at least ten days written notice of cancellation. However, it is undisputed that Safe Auto never attempted to terminate the insurance policy. Although the additional language provides the procedural mechanism for the cancellation of the policy, the importance of this contract clause in its entirety is that it makes renewal dependent upon the consent of the insurer.
Another indication that each renewal of the policy constitutes a new contract is found in the policy provision entitled "Policy Period," which suggests that the end of each policy period marks the end of the insurance contract. This provision states: "[t]his policy applies only to auto accidents and losses during the policy period shown in the declarations * * *." This provision, read together with the declarations that accompany each renewal, indicates that the insurance policy terminates at the end of each policy period, with a new period commencing upon payment of the renewal premium. Benson,19 Ohio St. 3d at 44.
Further, the declaration page for the most recent renewal prior to the collision states that the policy is in effect from July 6, 1996, at 12:01 a.m. to January 6, 1997, at 12:01 a.m. The declaration expressly declares that the policy is effective, as a matter of contract, for that particular period and no other. SeeFrancis, 1999 WL 266680 at *8. Policies written for specific periods "may be construed as term policies rather than continuing policies." Benson, 19 Ohio St.3d at 44. Thus, each renewal created a new term policy of insurance.
Lastly, we note that, although similar, the policy numbers for each successive renewal are different. The separate numbering of the policies indicates that each renewal represents a new contract of insurance separate from any prior contracts entered into between Akers and Safe Auto. Holcomb v. State Farm Ins. Cos.
(Dec. 24, 1998), Franklin App. No. 98AP-353, unreported, 1998 WL 938594 at *3, discretionary appeal allowed (1999), 85 Ohio St.3d 1482.
Based upon our interpretation of the policy terms, we find that the renewal represented a separate and distinct contract of insurance from any others entered into between Akers and Safe Auto. The policy period, as indicated on the declarations page, began on July 7, 1996. Therefore, R.C. 3937.18 as currently enacted, i.e., with the S.B. 20 amendment, applies to the insurance contract at issue. Appellants' assignment of error is overruled.
POWELL, P.J., and YOUNG, J., concur.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge
William W. Young, Judge
James E. Walsh, Judge