[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Clinton County Court of Common Pleas in which summary judgment was granted to defendant-appellee, ABX Air, Inc. ("ABX"), in a workers' compensation action filed by plaintiff-appellant, Richard A. Runyon, a former employee of ABX.
In 1993, while employed by ABX, appellant injured his lower back. Appellant filed a claim with the Bureau of Workers' Compensation seeking compensation and medical benefits. Appellant's claim was eventually recognized for the conditions of lumbar sprain/strain and herniated disc L4-5. In February 1995, while employed by ABX, appellant again injured his lower back. In March 1995, appellant filed an application to reactivate his 1993 claim seeking compensation and medical benefits for the February 1995 incident. Appellant's application to reactivate his 1993 claim was granted by a district hearing officer and subsequently upheld by a staff hearing officer and by the Industrial Commission of Ohio (the "Commission"). In February 1998, appellant filed a new claim for workers' compensation benefits alleging a new injury, multi-level lumbar degenerative disc disease, as a result of the 1995 incident. Appellant's 1998 claim was eventually denied by the Commission.
Appellant filed a notice of appeal in the common pleas court pursuant to R.C. 4123.512. ABX filed a motion for summary judgment in which it argued that once the 1995 incident was adjudicated as a reactivation of the 1993 claim, appellant was precluded under the doctrine of election of remedies[1] from filing the 1998 claim. By entry filed August 16, 2000, the common pleas court granted ABX's motion for summary judgment.
In his sole assignment of error, appellant argues that the common pleas court erred by granting ABX's motion for summary judgment. Specifically, appellant argues that election of remedies, which is a common-law defense, does not apply to the workers' compensation system, which is a creation of statute. Alternatively, appellant argues that even if applicable, election of remedies does not apply to the case at bar because appellant's "pursuit of disability benefits under his first injury claim is not inconsistent with his subsequent pursuit of benefits for his second injury, where a separate medical condition is at issue."
Pursuant to Civ.R. 56(C), summary judgment is appropriate if the trial court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
Upon reviewing the record, we find that election of remedies does not apply to the case at bar because appellant's 1998 claim alleges a new and distinct injury which has not yet been litigated. Appellant's 1995 application to reactivate his 1993 claim raised the issue of whether the 1995 incident caused an exacerbation of the conditions originally allowed in his 1993 claim, whereas appellant's 1998 claim raises the issue of whether appellant suffered a new injury to other areas of his back as a result of the 1995 incident.
Appellant's assignment of error is therefore well-taken and sustained. The common pleas court improperly granted ABX's motion for summary judgment.
The judgment of the common pleas court is reversed.
Pursuant to App.R. 11.1(e), this entry shall not be relied upon as authority and will not be published in any form.
A certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27. Costs to be taxed in compliance with App.R. 24.
 _________________________________ William W. Young, Presiding Judge
James E. Walsh, Judge, Anthony Valen, Judge.
[1] "While closely related in principle, estoppel by election of remedies is far less formalistic than res judicata, and acts as a bar to double recovery based on inconsistent positions." McCahan v. WhirlpoolCorp. (Aug. 29, 1986), Hancock App. No. 5-85-11, 1986 Ohio App. LEXIS 8185, at *5, unreported. "Where a party has an election to adopt one of two [coexistent but] inconsistent courses and takes decisive action with knowledge of his rights and the facts, his election is determined and he is estopped." Id.