OPINION
Plaintiffs-appellants, Alice F. Gray ("Gray") and her daughter, Hollie McLean ("McLean"), appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, State Farm Insurance Companies ("State Farm").
Following an automobile accident in which McLean was injured, appellants filed a complaint for declaratory judgment against State Farm on May 14, 1999. State Farm filed a motion for summary judgment. Appellants filed a motion for summary judgment as well as a memorandum in opposition to State Farm's motion for summary judgment. In its August 4, 2000 decision and entry granting summary judgment in favor of State Farm, the trial court explained the nature of the present controversy between the parties as follows:
 On May 15, 1997, *** Holly McLean was a passenger in a vehicle operated by Christina Schuller. *** Schuller made a left turn in front of a vehicle being driven by Benjamin Kiman, who was traveling in the opposite direction on South Gilmore Road.
 At the time of the accident, Schuller had liability insurance with Progressive with limits of $50,000.00 and Kiman had liability insurance with Progressive with liability limits of $25,000.00. Holly McLean sustained various injuries and has incurred various medical bills.
 Progressive offered its policy limits of $50,000.00 [sic] on behalf of Schuller and $25,000.00 on behalf of Kiman. At the time of the accident, Holly McLean was a minor and resided with her mother, Alice Gray. Alice Gray had a policy of insurance [with] State Farm at the time of the accident which contained underinsured coverage with limits of $100,000/$300,000.
 With the consent of State Farm, [appellants] settled their claims with the tortfeasors for their policy limits of $75,000.00 and, thereafter, released the tortfeasers [sic] from further liability. State Farm then paid [appellants] $25,000.00, which amount represents the difference between the tortfeasors['] limits of $75,000.00 and State Farm's claimed policy limit of $100,000.00.
 State Farm contends that it has paid [appellants] all their [sic] entitled to under the State Farm policy. That under state law and the terms of the policy, [appellants] are limited to single limit coverage of $100,000.00 and that State Farm is entitled to an offset [of] $75,000.00 for the amount paid by the tortfeasors' liability carrier, Progressive.
 [Appellants] contend that they are entitled to underinsured motorist coverage of $200,000.00 against State Farm. That because there are two tortfeasors, there exists two separate causes of action, thus they possess two claims of $100,000.00 each against State Farm's underinsurance coverage. That State Farm is entitled to an offset [of] $50,000.00, not $75,000.00, for the reason that Alice Grays [sic] portion $25,000.00 was paid towards the subrogation claim of the Ohio Department of Human Services (for medical bills paid in the amount of $178,775.23). Holly McLean contends that she has only recovered $50,000.00 and, therefore, the setoff should only be $50,000.00.
 The trial court granted summary judgment in favor of State Farm on the grounds that State Farm's "underinsured motorist liability to [appellants] [was] limited to the single-limit coverage amount of $100,000.00" and that State Farm was "entitled to a setoff in the amount of $75,000.00 for that amount available to [appellants] and paid by the tortfeasors." The trial court's analysis was based upon R.C. 3937.18, as amended by Am.Sub.S.B. No. 20 ("S.B. 20"), effective October 20, 1994. Appellants appealed and raise as their sole assignment of error that the trial court erred by granting summary judgment in favor of State Farm.
Pursuant to Civ.R. 56(C), summary judgment is appropriate if the trial court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
It is well-established that "[f]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law ineffect at the time of entering into a contract for automobile liabilityinsurance controls the rights and duties of the contracting parties."Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. (Emphasis added.)
S.B. 20 became effective on October 20, 1994. The accident in which McLean was injured occurred in May 1997. Ross clearly indicates that S.B. 20 does not automatically and necessarily apply to accidents occurring on or after the effective date of S.B. 20. In the case at bar, while the parties stipulated that Gray had an insurance policy with State Farm at the time of the accident which contained underinsured coverage, the record is devoid of any evidence as to when Gray entered into a contract for automobile liability insurance with State Farm. We therefore find that a genuine issue of material fact exists as to when the parties entered into an insurance contract, and thus as to whether either R.C. 3937.18, as amended by S.B. 20, or former R.C. 3937.18, as interpreted by Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, applies to appellants' claim. The trial court therefore erred by granting summary judgment in favor of State Farm. Appellants' sole assignment of error is sustained.
YOUNG, P.J., and POWELL, J., concur.