[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of a decision by the Butler County Court of Common Pleas denying appellant's motion for summary judgment and granting summary judgment in favor of appellees.[1]
In his assignment of error appellant insists that the trial court erred by denying appellant's motion for summary judgment and by granting appellees' motion for summary judgment. Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
Appellant sued appellees for conversion, which has been defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96. Weighing the evidence and inferences in the light most favorable to appellant in this case, we find that there is no genuine issue as to any material fact and that appellant has not shown that he is entitled to judgment as a matter of law. Appellant has failed to demonstrate that appellees' exercise of ownership over the vehicle in question was wrongful or that appellant was the owner of the vehicle and had the right of possession at the time appellees exercised control over it. Therefore, it was proper to deny appellant's motion for summary judgment and grant summary judgment to appellees. The assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Judge, Stephen W. Powell, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.