OPINION
Defendant-appellant, Jeff Sparto d.b.a. J. Sparto Excavating, appeals a decision of the Clinton County Court of Common Pleas granting summary judgment in favor of appellee, CAT-The Rental Store.
On August 7, 2000, appellee filed a complaint alleging that appellant owed $19,334.38 on an account and had failed to pay. Appellant failed to timely file an answer and on September 7, 2000 appellee filed a motion for default judgment. On September 11, 2000, the trial court granted appellant's motion to file an answer out of time.
After a telephonic conference between the trial court and the parties, the court issued a pretrial order setting the dates for discovery, motions for summary judgment and trial. Appellee timely filed a motion for summary judgment on June 22, 2001. The trial court issued a notice of the motion to all parties and set dates for responses and a decision. Appellant failed to respond to the motion. On July 26, 2001, the trial court granted appellee's motion for summary judgment, finding that there were no genuine issues of material fact as to any of the facts raised by appellee in its complaint. On August 13, 2001, appellant filed a motion for appeal that stated he did not receive the motion for summary judgment.
Appellant now appeals the trial court's decision to grant summary judgment to appellee and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
Appellant argues that he was denied due process rights because he did not receive the summary judgment pleading and did not have an opportunity to respond. Appellant argues that he was expecting a trial date in August and did not have reason to believe that additional motions might be forthcoming. However, the record does not support appellant's contentions.
The certificate of service attached to the motion for summary judgment states that it was served on appellant. In an affidavit, appellee's counsel states that the motion was never returned for failure of service. In addition, the trial court served a notice of the filing of the motion for summary judgment. The entry notified appellant that he had until July 23, 2001 to respond to appellee's motion for summary judgment and that a decision on the motion would be made on that date. This entry was served on all parties. Thus, we find appellee received notice of the motion for summary judgment.
Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
Appellee argued in its motion for summary judgment that appellant owed money on an account that had not been paid. As an exhibit, appellee attached requests for admissions that appellant failed to answer. The trial court found that no response was filed to the motion and no genuine issue of material fact existed. We agree and find that the trial court did not err in granting summary judgment.
We note that appellee filed a pro se answer and chose to represent himself in this lawsuit. The trial court urged appellant to consult counsel several times. In the pre-trial memorandum, the trial court stated:
 The court advised defendant, who is not an attorney, about his right to a lawyer and the risks potentially involved in representing himself. Defendant indicated that he understood the risks and still wanted to represent himself. Defendant was strongly encouraged to consult, if not retain, legal counsel.
 In its notice that appellee had filed a motion for summary judgment, the court stated, "[d]efendant again is encouraged to consult legal counsel about this matter as there are rules that apply to this procedure that will govern the court's procedure." The court noted in its summary judgment decision that although it had encouraged appellant to consult legal counsel, no counsel had entered an appearance for appellant and no response to the motion had been filed.
Although the result may seem harsh, appellant was encouraged to consult counsel repeatedly and failed to do so. Pro se litigants are bound by the same rules and procedures as litigants with retained counsel. Myersv. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210. They are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure. Holman v. Keegan (2000), 139 Ohio App.3d 911,918; Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.