DECISION
Plaintiff-appellant, Solitaire DiPasalgne, appeals from a judgment of the Franklin County Municipal Court granting summary judgment for defendant-appellee, United Insurance Company of America ("United").
This action is before the court for the second time. The matter arises from claims brought by appellant pursuant to an insurance policy purchased by appellant from United. United issued a fire insurance policy to appellant on August 1, 1996. The policy contained a burglary endorsement with a $5,000 limit and $200 deductible. On September 11, 1996, appellant reported to the police a theft of a microwave and VCR from her apartment. The police report taken on this occasion noted that force was used to break in the front door. On the next day, September 12, 1996, appellant reported a second burglary to the police, claiming a loss of $3,000 in audio tapes and $2,000 in clothes. The police report taken for this second burglary noted: "victim states on above date between listed times unknown suspect(s) did gain entry into above location by an unlocked door." The report was signed and checked by appellant.
Appellant made claims to United under her policy for both burglaries. United investigated and, in two separate letters dated October 4, 1996, denied both claims. With respect to the September 11 burglary, the claim was denied because appellant had provided United with proof of ownership for the microwave, but was unable to furnish any evidence of ownership of the VCR. As the microwave was worth less than the $200 deductible, the claim was not paid. With respect to the September 12, 1996 burglary, United relied upon the police report to deny the claim, since the police report stated that entry was gained through an unlocked door, and the policy required that entry be made by force with evidence of force visible. United also noted in rejecting the claim that appellant had failed to provide receipts or other evidence of purchase or ownership of the personal property listed as stolen.
The burglary endorsement to the United policy provided in pertinent part as follows:
 The unlawful entry must be made by force and evidence of the force must be visible (breakage of a window or window lock, door or door lock, wall or roof) at the place of entry. * * * The opening of an unsecured or unlocked window or door, does not constitute visible breakage into a structure.
The burglary endorsement also required proof of loss, as set forth in the following language:
 We will not be liable for any loss due to Burglary unless supported by a receipt, bill or evidence of purchase or ownership at time of claim.
Upon United's denial of her claims, appellant filed her complaint initiating the present action. The trial court eventually granted United's motion for summary judgment. Appellant appealed to this court and we reversed in DiPasalgne v. UnitedIns. Co. of America (Aug. 4, 1998), Franklin App. No. 97AP-1489, unreported (Memorandum Decision). Our reversal, however, was not based upon the existence of any material issue of fact which made summary judgment inappropriate, but rather upon a failure of the trial court to give sufficient notice to appellant before deciding the summary judgment motion. Upon remand, the matter was again before the trial court on United's renewed summary judgment motion filed on April 12, 1999. On May 12, 1999, appellant filed memorandum contra the motion for summary judgment. The trial court heard oral arguments on the summary judgment motion and on May 17, 1999, entered judgment granting summary judgment for United.
Appellant has timely appealed and brings the following assignments of error:
 1. THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETIONARY POWER IN DECIDING THE FACTS OF THIS CASE.
 2. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WAS AN OBVIOUS QUESTION OF FACT.
Appellant's two assignments of error raise the same issue and will be addressed together. Pursuant to Civ.R. 56(C), summary judgment may be granted only if there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that being adverse to the party opposing the motion.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621
. A moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996), 75 Ohio St.3d 280
. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his claims. Id.
An appellate court's review of summary judgment is denovo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588; Patsy Bard v. Society National Bank (Sept. 10, 1998), Franklin App. No. 97AP-1497, unreported. It follows that this court must conduct an independent review of the record on appeal and stand in the shoes of the trial court. Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440, 445. We thus have the authority to reverse or affirm the trial court's judgment if the record presents grounds for doing so based upon the evidentiary material submitted by the parties, even if the trial court failed to consider these grounds. Bard, supra.
In support of its motion for summary judgment, United submitted the affidavit of Senior Claims Examiner Kathy Crane, a copy of the insurance policy, the two police reports from the burglaries of appellant's apartment, and various correspondence between the parties. Appellant filed a memorandum contra but no evidentiary materials can be found in the record associated with the memorandum, although the trial court decision does refer to appellant's "affidavit." It is unclear whether this refers to the factual assertions contained in the memorandum contra, or whether an affidavit is in fact lacking from the record. If the latter is the case, we note that the burden falls upon appellant to provide a sufficient record on appeal to demonstrate error on the part of the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Where an appellant fails to provide a complete record, the appellate court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, at 199.
Additionally, appellant has provided us with only the briefest argument in support of her assignments of error. Appellant does not enumerate any of the alleged material issues of fact which she alleges to exist as a bar to summary judgment, but merely asserts that such material issues of fact exist. Under these conditions we are not in a position to speculate as to what effect the possible existence of an affidavit provided by appellant might have had in creating a material issue of fact below.
The evidentiary material submitted by United established that two conditions in the policy for payment of a claim were not met. First, the police report signed by appellant in connection with the second burglary stated that entry had been made through an unlocked door. The coverage terms of the burglary endorsement explicitly state that "the unlawful entry must be made by force and evidence of the force must be visible * * * opening of an unsecured or unlocked window or door, does not constitute visible breakage into a structure." Since the policy explicitly excluded from coverage a burglary where entry was obtained through an unlocked door, and the police report signed by appellant clearly states that the perpetrator gained entry in this manner, United was within its rights in denying coverage.
Furthermore, it is uncontroverted that appellant has not provided, in connection with her claim for the second burglary, any "receipt, bill or evidence of purchase or ownership" to the personal property which she claimed stolen. Again, this is a prerequisite for coverage under the burglary endorsement, and United was within its rights to deny such coverage.
We therefore agree with the trial court that there did not remain a material issue of fact with respect to United's denial of coverage under the burglary endorsement. Based upon the foregoing, appellant's two assignments of error are without merit and are overruled, and the judgment of the Franklin County Municipal Court granting summary judgment for appellee is affirmed.
Judgment affirmed.
BOWMAN, P.J., and TYACK, J., concur.