OPINION
Plaintiff-appellant, L.P. Cavett Company ("Cavett"), appeals a decision of the Preble County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the Board of Trustees of Washington Township, the individual trustees of the board, and the Clerk of the Township ("trustees").
On March 29, 2000 and April 5, 2000, a "Notice to Bidders" was published in the Register Herald for a road construction project in Washington Township. Two companies submitted bids for Phase One of the project, which involved application of one thousand five hundred tons of hot mix material to repair and resurface the township's roads. The bids were opened at the April 12, 2000 meeting of the Washington Township trustees. Cavett bid $30.50 per ton for a total cost of $45,750, while Walls Bros. Asphalt Company ("Walls Bros.") bid $31.42 per ton for a total cost of $47,130. The board of trustees reviewed each packet and found each was complete and met the specifications for the project. The trustees advised that a decision would be made on both phases of the project and announced at the next meeting.
Although Cavett's bid was the lowest in terms of cost, the trustees awarded the contract to Walls Bros. at the following meeting. The minutes of the April 26, 2000 meeting state:
 A decision was made to accept bid for Phase One from Walls Brothers Asphalt Co. at a per ton price of $31.42. The proposal of the LP Cavett Co. at a per ton cost of $30.50 was waived due to concerns of the problems encountered by the City of Eaton with this contractor. More specifically the Board of Trustees is aware of the problems with the hot mix applied by the LP Cavett Co. along the downtown Eaton sections of the North Barron St. As the township cannot afford to expend time and money nor incur the inconvenience that would arise from a similar application to its roads, it is the unanimous decision of the Board to reject the proposal of the LP Cavett Co. as the Board does not find LP Cavett to be a responsible bidder.
 On May 2, 2000, Cavett filed a verified complaint against the trustees and against Walls Bros. The complaint alleged that Cavett was the lowest responsible bidder and that the trustees' act of entering into a contract with Walls Bros. was an abuse of discretion. Cavett requested three forms of relief: (1) a permanent injunction against all defendants restraining them from any action which would interfere with Cavett's right to contract; (2) in the alternative, if a contract had already been entered into, that it be declared null and void; and (3) a writ of mandamus issued by the trial court compelling the trustees to award Phase One of the contract to Cavett.
Along with filing their answers to Cavett's complaint, the trustees and Walls Bros. both requested that the trial court dismiss the complaint. On June 7, 2000, the trial court converted both motions to dismiss into motions for summary judgment and ordered that any response or Civ.R. 56 evidence be filed by July 5, 2000. In addition to opposing the defendants' motions for summary judgment, on July 3, 2000, Cavett moved for summary judgment in its favor.
On August 7, 2000, the trial court issued a decision granting the trustees' motion for summary judgment and denying Cavett's motion. The trial court also dismissed the complaint. Cavett now appeals from the summary judgment granted in favor of the trustees[1] and raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT REFUSED TO CONSIDER PLAINTIFF-APPELLANT'S ARGUMENT CONTAINED IN SECTION IV OF ITS MOTION FOR SUMMARY JUDGMENT THAT THE BIDDING PROCESS WAS VOID.
 In the first assignment of error, Cavett contends that the trial court erred in granting summary judgment in favor of the trustees. Specifically, Cavett argues that the court tried factual issues in its decision.
Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id.
The mere existence of factual disputes between the parties does not necessarily preclude summary judgment. Only disputes over genuine factual matters that affect the outcome of the suit will properly preclude summary judgment. See Gross v. Western Southern Life Ins. Co. (1993), 85 Ohio App.3d 662, 666-67, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510. When evaluating a motion for summary judgment, the trial court must construe the evidence most strongly in favor of the nonmovant and any doubts must also be resolved in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59. Our standard of review on summary judgment isde novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
R.C. 5575.02 requires that a board of township trustees award a contract for road improvement to the "lowest and best bidder" who meets the requirements of the bid. Originally, the statute provided only for acceptance of the "lowest bid." However, the statute was amended to provide for acceptance of the "lowest and best bidder," indicating that elements other than price often enter into the decision to award a contract. Cedar Bay Constr. Inc. v. City of Freemont (1990),50 Ohio St.3d 19, 21.
The statute empowers the decision makers with discretion to determine under all circumstances which party is the lowest and best bidder. Id. Courts should be reluctant to substitute their judgment for that of local officials in determining which party is the "lowest and best bidder."Id. "The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner." Id., quoting Shafer,159 Ohio St. at 590.
In order to avoid summary judgment, Cavett was required to produce evidence that the trustees abused their discretion in determining that Walls Bros. was the lowest and best bidder. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. The exercise of honest judgment, however erroneous it may seem to be, is not an abuse of discretion. State ex rel. Shafer v. Ohio Turnpike Comm. (1953),159 Ohio St. 581, 590. Essentially, Cavett argues that the board abused its discretion by not conducting an investigation into the true facts of the problems Cavett encountered in the project it performed for the city of Eaton and by basing its decision on information gained through the newspaper and conversations with other officials.
Cavett contends that the trustees did not perform an investigation to determine exactly what problems the city of Eaton encountered in the project Cavett performed for them. Cavett has produced evidence that indicates that the problem was with the specifications for the hot mix and that the hot mix was prepared by Cavett according to the specifications of the job provided by the city of Eaton. Cavett argues that had the trustees investigated they would have discovered that the problem was not with the company's workmanship, but instead with the specifications provided for the job.
The trustees indicated that their information regarding the problems the city of Eaton encountered in the road project performed by Cavett came from personal knowledge gained from newspaper articles and other sources. Trustee Gene Miley testified in an affidavit that he had personal knowledge of the poor workmanship of Cavett in applying the hot mix to streets in the city of Eaton. He stated that he did not believe that Cavett was the lowest responsible bidder because he knew there were problems getting Cavett to repair the Eaton streets and that the city was going to have to expend an additional $25,000 to $30,000 to have the work completed. He indicated that the basis for his knowledge consisted of reading the minutes of the Eaton City Council and conversations with the city council members. He also testified that he was aware of problems the city encountered with Cavett in another road project widening and paving a section of road and his belief was that the problem was due to poor workmanship.
Trustee Rodger Clark also testified by an affidavit filed in this case. He stated that he did not believe Cavett was the lowest responsible bidder due to his observations of the pavement Cavett applied to North Baron street in Eaton and because of articles he read in the Register Herald regarding the inferior quality of Cavett's workmanship. He also indicated that he learned of an inferior quality paving job Cavett performed on Camden Village Streets through a conversation with a Camden Village Council member.
Trustee Glen Smith testified by deposition that he was aware of the problems the city of Eaton had with the work performed by Cavett through discussions with city council members and other officials and through reading the minutes of the city of Eaton's council meetings. The people Smith spoke with indicated that the work was "a bad job" and had to be redone. He testified that he understood the problem may have been with the specifications, but was unsure where the fault would lie under those circumstances. Smith testified that based on all the information the trustees had, they did not want to have problems similar to the city of Eaton's with the resurfacing project. He admitted that the trustees did not investigate by checking references or by checking with engineers. He stated that the reason for the trustees' determination that Walls Bros. was the lowest and best bidder was that "after everything we've heard about the City of Eaton, we thought Walls would be the best bang for our buck."
Cavett contends that there are unresolved issues of fact that preclude summary judgment in this case, such as the level and quality of the trustees' information, the dates on which information was available, and the amount of investigation that should be required. We disagree.
As mentioned above, when considering a motion for summary judgment, we must construe the evidence most strongly in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. Construing the evidence most strongly in favor of Cavett and resolving all doubts in their favor, we must decide whether township trustees may make a determination of the "lowest and best bidder" based on personal knowledge and without a formal investigation that may have revealed no problems with the company's workmanship.
As mentioned above, when determining the "lowest and best bidder," the board can consider all relevant factors. Courts have indicated various factors which may be relevant to this determination such as an official's own general knowledge of a company's reputation in the community, knowledge of problems with the company's work for other entities, Stateex rel. Navratil v. Medina Cty. Commrs. (Oct. 11, 1995), Medina App. No. 2424-M, unreported, and references and prior dealings with other entities, Campbell Contracting Co. v. Ravenna (Dec. 9, 1994), Portage App. No. 93-P-0044, unreported.
We also note that the Revised Code does not require township boards to perform an investigation before determining who is the "lowest and best" bidder on a road project. However, the Revised Code does require that an investigation be performed in certain other projects or where a township has chosen to adopt a policy on the lowest responsive and responsible bidder. See R.C. 153.08; R.C. 9.312.
Construing the evidence most favorably in Cavett's favor, we find that reasonable minds could only come to the conclusion that the trustees did not abuse their discretion by determining that Walls Bros. was the lowest and best bidder. Considering the small monetary difference between the bids, and the information that other entities had problems with Cavett, the trustees' determination that it would be in the township's best interest to avoid any potential problems by awarding the paving contract to Walls Bros. was not an abuse of discretion. Although a thorough investigation into the information regarding Cavett's prior paving jobs may have revealed no problems with the company's workmanship, it was not an abuse of discretion for the trustees to make an honest decision based on information from news articles, other officials, and the general reputation of the company in the community. Cavett's first assignment of error is overruled.
In its second assignment of error, Cavett contends that the trial court erred by refusing to consider the argument raised in its motion for summary judgment that the bidding process was void because the county commissioners did not perform surveys, plans, profiles, cross-sections, estimates and specifications as required by R.C. 5573.01 and because the contracts exceeded ten percent of the estimated cost in violation of R.C. 5575.03. In response to this argument, the trustees filed a motion to strike this portion of Cavett's motion because this issue was not raised in the complaint. In its decision on Cavett's motion for summary judgment, the trial court stated that it would not consider the argument because it was not raised in any of the pleadings.
The facts alleged in the complaint do not involve either of the above issues raised in Cavett's motion for summary judgment. Cavett argues that because facts to support these causes of action arose during discovery, it was entitled to raise the issues in its motion for summary judgment. Cavett also argues that the second request for relief, that the court declare any contract entered into between the trustees and Wall Bros. be declared null and void, is broad enough to encompass these two causes of action. We disagree.
Civ.R. 8(A) states that a complaint must contain a short and plain statement of the claim showing the party is entitled to relief and a demand for judgment for the relief to which the party claims to be entitled. The facts in the complaint all revolve around the trustee's determination that Cavett was not the lowest and best bidder on the project. The complaint alleges that Cavett was the lowest responsible bidder and that the trustees abused their discretion by awarding the contract to Walls Bros. Neither R.C. 5573.01 nor 5575.03 are mentioned in the complaint, nor are facts alleged to support any argument regarding a violation of these sections. In its second request for relief, Cavett requests that "if a contract has been entered into by the Board of Trustees of Washington Township, Preble County, Ohio, and Walls Bros. Asphalt Co., that it be declared null and void and that no payment be made under it." However, the theory of recovery alleged by the facts in the complaint all involve the trustees' decision to find Walls Bros. the lowest and best bidder, not that violations occurred in the bidding process itself.
We note that although the theory of recovery pursuant to R.C. 5573.01
and 5575.03 was not pled in the initial complaint, Civ.R. 15 allows for liberal amendment of the pleadings, and that such amendments are to be "freely given when justice so requires." Civ.R. 15(A).[2] However, after the trustees' motion to strike indicated this deficiency, Cavett chose not to request an amendment to the complaint to include these theories of recovery. Accordingly, we find no error in the trial court's decision not to address the issues because they were not raised in the pleadings. Appellant's second assignment of error is overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.
[1] On appeal, Walls Bros. requested that they be dismissed as a party to the appeal due to the fact that any claim involving them was moot because they had been awarded the contract, performed the work, and had been paid. Cavett agreed that the appeal was moot as to Walls Bros. and they were dismissed as a party to the appeal.
[2] We also note that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated in all respects as if they had been raised in the pleadings. Civ.R. 15(B). However, once the trustees objected to consideration of the issues by filing a motion to strike, it was incumbent on Cavett to request that the complaint be formally amended to include the issues raised.