OPINION
{¶ 1} Plaintiff-appellant, Jeffrey Erickson, appeals a decision of the Preble County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Trucks Parts of Ohio, Inc., in appellant's action for an employer intentional tort.
 {¶ 2} Appellant was employed as a yardman in appellee's salvage business. He was injured in the course of his employment when he exited a loader and slipped on the stairs coming down off the machine. In an effort to regain his balance, he grabbed the handrail and injured his shoulder. Appellant filed a complaint against appellee arguing that the employer had committed an intentional tort by requiring him to use the stairs from the loader. Appellee filed a motion for summary judgment. As evidence, the court considered appellant's deposition, an affidavit from appellant, and the depositions of two of appellee's managers. This evidence revealed the following:
 {¶ 3} The loader has a set of stairs similar to a ladder that requires the worker to climb down off the loader facing the stairs/ladder. Appellant claims that the steps were slanted in toward the machine so that the lowest step was in farther than the top step. He stated that he believes he was on the second step when he lost his balance and that he does not know how he slipped.
 {¶ 4} Appellant stated that he had scraped his shin on a different occasion as he was climbing down the steps, and that other employees had slipped on the stairs before his accident. He claimed that one other person was injured when he slipped and pulled muscles coming down the stairs, but that no one had ever missed work because of an injury on the stairs. Appellant claims that he told management that the stairs were dangerous and that another employee had complained about the steps.
 {¶ 5} Appellee's managers stated that they had no knowledge of any damage or disrepair to the stairs and that they were not angled inward. They stated that no one had reported any problems with the steps. The used parts manager stated that appellant complained that the steps were slippery, but did not mention a problem with the angle of the steps. They stated that there were no reported problems with the ladder and no one had ever slipped or fallen on the ladder before.
 {¶ 6} After considering the above evidence, the trial court found that appellant had failed to present evidence creating a genuine issue of material fact on all the required elements of an employer intentional tort action. Therefore, the trial court granted summary judgment in favor of appellee.
 {¶ 7} Appellant now appeals the trial court's decision to grant summary judgment in favor of appellee and raises the following assignment of error:
 {¶ 8} "The Trial Court Erred To The Prejudice Of The Plaintiff-appellant When It Granted Defendant-appellee's Motion For Summary Judgment After The Plaintiff-appellant Had Presented Substantial Evidence Presenting A Genuine Issue Of Material Fact As To Each And Every Element Of The Intentional Tort Claim."
 {¶ 9} Summary judgment is appropriate pursuant to Civ. R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is denovo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
 {¶ 10} In order to prevent a summary judgment motion in favor of an employer in an intentional tort action, the employee must present evidence which shows a genuine issue of material fact on each of the following elements: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Hannah v. Dayton Power andLight Co., 82 Ohio St.3d 482, 485, 1998-Ohio-408; Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100. Proof of the three elements may be made by direct or circumstantial evidence. Hannah at 485. The trial court found that appellant's proof failed on the second element, whether the employer had knowledge that an injury was substantially certain to occur.
 {¶ 11} An employee cannot establish the "substantial certainty" element simply by demonstrating that the employer acted negligently or recklessly. Id. at 484. Instead, the employee must show that the employer's conduct was more than mere negligence or recklessness. InFyffe v. Jeno's (1991), 59 Ohio St.3d 115, paragraph two of the syllabus, the Ohio Supreme Court explained:
 {¶ 12} "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent."
 {¶ 13} In considering whether an employer knew that an injury was substantially certain to occur, evidence of prior accidents is probative. Taulbee v. Adience, Inc., BMI Division (1997),120 Ohio App.3d 11, 20. The employer's knowledge of the risk of danger as related to the nature of the dangerous condition should also be considered. Id. at 21.
 {¶ 14} When the facts of this case are construed most favorably to appellant, the employer was told that the steps were dangerous by appellant and another employee. According to appellant, he and other employees had slipped on the steps a few times prior to his accident. However, no accidents, other than a possibly pulled muscle, occurred prior to appellant's injury. The steps at issue were not unusually high or without handrails. Additionally, there is some inherent danger of slipping involved simply in the act of going down ladder-type steps.
 {¶ 15} The trial court found that based on appellant's own testimony, he had used the stairs hundreds of times to get in and out of the loader. The court further found that "the fact that [appellant] and his co-workers (who themselves would be climbing in and out of the pay loader hundreds of times) slipped a few times does not equate to the fact that harm was substantially certain to occur." We agree. Something more than knowledge or appreciation of the risk, more than possibility or mere probability, is necessary to establish substantial certainty. Fyffe v.Jeno's, 59 Ohio St.3d at paragraph two of the syllabus. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.