RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0191P (6th Cir.)
File Name: 03a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KEITH and JACQUELINE
THEOBALD,
　　　*Plaintiffs-Appellants,*

　　　*v.*

BOARD OF COUNTY
COMMISSIONERS OF
HAMILTON COUNTY, OHIO, et
al.,
　　　*Defendants-Appellees.*

No. 01-3683

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 00-00864—Sandra S. Beckwith, District Judge.

Argued: October 15, 2002

Decided and Filed: June 11, 2003

Before: MARTIN, Chief Circuit Judge; RYAN, Circuit
Judge; COHN, Senior District Judge.[*]

---

[*] The Honorable Avern Cohn, Senior United States District Judge for
the Eastern District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** Douglas C. Holland, Lawrenceburg, Indiana, for
Appellants. Thomas E. Deye, HAMILTON COUNTY
PROSECUTING OFFICE, Cincinnati, Ohio, for Appellees.
**ON BRIEF:** Douglas C. Holland, Lawrenceburg, Indiana,
for Appellants. Thomas E. Deye, John J. Arnold,
HAMILTON COUNTY PROSECUTING OFFICE,
Cincinnati, Ohio, Robert J. Surdyk, JENKS, SURDYK,
OXLEY, TURNER & DOWD, Dayton, Ohio, for Appellees.

　MARTIN, C. J., delivered the opinion of the court. RYAN,
J. (pp. 9-11), delivered a separate concurring opinion.
COHN, D. J. (pp. 12-17), delivered a separate dissenting
opinion.

---

## OPINION

---

　BOYCE F. MARTIN, JR., Chief Circuit Judge. Keith and
Jacqueline Theobald, appeal the district court's grant of a
motion to dismiss. The Theobalds being residents of Indiana,
jurisdiction is based upon diversity of citizenship and the
amount involved. 28 U.S.C. § 1332(a). They argue on appeal
that a vehicle abandoned two feet onto the shoulder of an
interstate highway for at least thirty hours is a nuisance under
Ohio law. We conclude that such an abandoned vehicle could
be a nuisance, but the decision to tow the vehicle is an act
within the discretion of the patrolling officer, thus falling
under the grant of immunity in Ohio Code § 2744.03(A)(3).
We AFFIRM the district court.

　While driving west on Interstate 275, Keith Theobald
suffered severe injuries in a car accident within the
boundaries of the City of Montgomery and Hamilton County,
Ohio. His pick-up truck was the fourth car in a four-vehicle

chain reaction collision. This multi-vehicle accident occurred both on and off the westbound side of Interstate 275. The collision started when a vehicle drifted off the highway and collided with an automobile abandoned on the berm. This collision pushed the moving vehicle back into traffic striking Theobald's truck. Theobald's vehicle tumbled across all traffic lanes of westbound Interstate 275 then hit several trees off to the side of the highway. Mr. Theobald was ejected from the vehicle at some point, and he was eventually found by paramedics in the woods some distance from his truck.

The abandoned vehicle which started the chain reaction multi-vehicle collision was parked on the paved shoulder two feet off the far right traffic lane. The owner had abandoned the vehicle when he experienced a fuel system problem. The vehicle had been abandoned for approximately thirty hours. The portion of the Interstate at issue was patrolled by police officers from both Hamilton County and the City of Montgomery.

After winning a substantial jury verdict against the owner of the abandoned vehicle, the appellants filed a new complaint against several defendants in federal district court claiming that those parties were negligent in failing to keep Interstate 275 free from nuisance. The defendants named in the complaint were Hamilton County's Sheriff, Highway Department and Board of Commissioners; the City of Montgomery; its Mayor; its Chief of Police; and the State Highway Department. At oral argument the Court was notified that the City of Montgomery defendants had settled with the appellants.

This court reviews de novo a district court's grant of a motion to dismiss. *See Pfennig v. Household Credit Servs. Inc.*, 286 F.3d 340, 343 (6th Cir. 2002). We construe all facts in the light most favorable to the nonmoving party. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). Because this action was brought in Ohio and premised on diversity jurisdiction, this Court is bound by Ohio's substantive law on nuisance. *See Erie v. Tompkins*, 304 U.S. 64, 78 (1938). We review the district court's application of state law de novo. *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

In 1985 the Ohio General Assembly enacted the Political Subdivision Tort Liability Act "in response to the judicial abolishment of the doctrine of sovereign immunity." *Franks v. Lopez*, 632 N.E.2d 502, 504 (Ohio 1994). The Act granted sovereign immunity to political subdivisions while at the same time creating several exceptions to this general rule. Political subdivisions are generally immune from liability "for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision . . . in connection with governmental or proprietary function." Ohio Code § 2744.02(A)(1). The Act carves out several exceptions to this general rule, and the appellants argue that the nuisance exception found in Ohio Code § 2744.02(B)(3) applies in this situation. This section states "political subdivisions are liable for injury, death or loss to persons or property caused by their failure to keep public roads, highways . . . open, in repair, and free from nuisance." Ohio Code § 2744.02(B)(3).

Even if a case falls within the nuisance exception, a political subdivision can still avoid liability if any of section 2744.03's immunities and defenses apply. For example, a political subdivision is immune from liability if the employee's action or failure to act was "within the discretion of the employee with respect to policy making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." O.R.C. § 2744.03(A)(3). A political subdivision is also immune if the injury resulted from the employee's "performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function." O.R.C.

§ 2744.03(A)(1). Immunity can be maintained if the conduct was not negligent and was required or authorized by law. O.R.C. § 2744.03(A)(2). The Act provides several other defenses; however, for the purposes of this claim, they are irrelevant.

For the appellants to successfully plead their claim under the Act, they must overcome two hurdles. First, their claim must fall within the 2744.02(B)(3) nuisance exception to the Act's general grant of sovereign immunity. Second, the defendants's actions must escape any of the immunities or defenses codified in section 2744.03. As for the first issue, the appellants assert that a vehicle abandoned for thirty hours two feet onto the far right shoulder of a highway are sufficient facts under Ohio law to constitute a nuisance and thus survive Hamilton County's motion to dismiss. In short, the appellants argue a jury should decide whether Hamilton County's officers patrolling this portion of the Interstate failed to keep the Interstate open and free from nuisance by failing to have the vehicle towed.

The Ohio case law addressing nuisance under section 2744.02(B)(3) is substantial and encompasses a broad array of circumstances. The district court opinion focused primarily on *Williamson v. Pavklovich,* 45 Ohio St.3d 179 (1989), where the Ohio Supreme Court considered whether a string of illegally parked cars opposite a public school constituted a nuisance. The *Williamson* court examined whether the illegally parked cars were either an "actual physical condition" or an "obstruction" that constitutes a nuisance. *Id.* at 183. The *Williamson* court held that the illegally parked cars neither possessed an element of permanency nor significantly impeded the flow of traffic. *Id.* Following *Williamson*, the district court found that a time frame of thirty hours is not long enough for the abandoned vehicle to possess the necessary element of permanency and become an "actual physical condition."

We are unpersuaded that *Williamson* leads to this result. Keeping a road free from nuisance has been interpreted by the Ohio Supreme Court to "include more than just conditions of the roadway." *Harp v. City of Cleveland Heights*, 87 Ohio St. 3d 506, 511 (2000). In the case at bar, the nature of the abandoned vehicle's obstruction and its dangerousness are questions of fact to be determined by a jury.

Be this as it may, the outcome of this case does not depend on whether the abandoned vehicle could be found to be a nuisance. Rather, this case turns on whether the function of the patrolling officers in deciding not to have this vehicle towed was discretionary, thus falling under one of the immunities provided in section 2744.03(A)(3). This section states that political subdivisions are immune from liability if the act in question was "within the *discretion* of the employee with respect to policy making, planning or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." Ohio Code § 2744.03(A)(3) (emphasis added). In patrolling Interstate 275, Hamilton County police officers are exercising discretion with respect to the enforcement powers and duties of their position. The decision when to have a vehicle towed because of its dangerous nature certainly falls under the province of section 2744.03(A)(3). On the facts of this case, their decision not to have the vehicle towed was discretionary and in no way implies recklessness on the part of the patrolling officers.

There is still a question, however, whether under Ohio law the immunity granted under section 2744.03(A)(3) is compatible with the nuisance exception found in section 2744.02(B)(3). In *Franks v. Lopez*, 632 N.E.2d 502, (Ohio 1994), the Ohio Supreme Court confronted the question whether design and construction defects as well as failure to erect signs could be deemed nuisances under section 2744.02(B)(3). The *Franks* court noted that

these categories [design and construction defect, failure to install signs] simply do not constitute a nuisance as this term has been defined. Additionally, these allegations involve discretionary functions provided in R.C. 2744.03(A)(3) and (5). Thus the defenses found in 2744.03(A)(3) and (5) preclude the imposition of liability on a political subdivision for any acts or omissions related to these discretionary functions. *Id.* at 506.

A few courts have interpreted this language in *Franks* to suggest that the action of keeping a public road free from nuisance is not a discretionary function and therefore the immunities and defense found in section 2744.03(A)(3) and (5) are not valid rejoinders to a nuisance claim under section 2744.02(B)(3). *See Beck ex re. Estate of Beck v. Adam Wholesalers*, 2001 WL 1155820, *7 (Ohio App. 6 Dist) (Sept. 28, 2001); *See Jones v. Shelly Co.,* 106 Ohio App.3d 440, 445 (Ohio App. 5) (1995) ( holding that where an alleged negligent act of a political subdivision constitutes a nuisance, the "discretionary" defense under sections 2744.03(A)(3) and (5) do not apply).

When examining the language in *Franks*, it is wrong to interpret this language as suggesting that the immunities granted in sections 2744.03(A)(3) and (5) are incompatible with a nuisance claim under section 2744.02(B)(3). After noting that construction defects and the posting of signs are categories incompatible with Ohio's definition of nuisance, the *Franks* court then states "*Additionally,* these allegations involve discretionary functions provided in R.C. 2744.03(A)(3) and (5). Thus the defense found in 2744.03(A)(3) and (5) preclude the imposition of liability on a political subdivision for any acts or omissions related to these discretionary functions." *Id.* at 506 (emphasis added). This sentence says little about the legal character of nuisances, whether they can involve discretionary acts or not. Rather this sentence just states the obvious, that is, there is an alternative method by which the *Franks* court could have disposed of the case. In short, even if construction design and

the placing of signs were nuisances under Ohio Law, the immunity granted in sections 2744.03(A)(3) and (5) would apply.

The facts of this case involve discretionary actions on the part of the patrolling officers. Therefore the immunity found in section 2744.03(A)(3) applies. The decision whether an abandoned vehicle obstructs traffic or presents sufficient danger to mandate towing involves the judgment of the patrolling officers, which, exercised in this instance, was clearly not reckless.

The judgment is affirmed.

---

**CONCURRENCE**

---

RYAN, Circuit Judge, concurring. In my judgment, it matters not a wit whether the position of the abandoned vehicle which originated the chain reaction resulting in the plaintiff's injuries constituted a nuisance under Ohio Rev. Code § 2744.02(B)(3) (2000) or any other provision of Ohio law. That is so because even if the vehicle was a nuisance, the defendant political subdivisions are immune from liability.

Section 2744.03(A)(5) states:

The political subdivision is immune from liability if the injury . . . resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, *personnel*, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 2744.03(A)(5) (West Supp. 2002) (emphasis added).

Unquestionably, the decision whether to use personnel to remove a car from the emergency lane or berm of a public highway is purely discretionary. The Ohio statute that indicates the discretionary nature of this decision states that the chief of police or a highway patrol trooper

*may* order into storage any motor vehicle . . . that has been left on a public street . . . or upon or within the right-of-way of any road or highway, for forty-eight hours or longer without notification . . . except that when such a motor vehicle constitutes an obstruction to traffic it *may* be ordered into storage immediately.

Ohio Rev. Code § 4513.61 (emphasis added). The use of the word "may" indicates that the public official has discretion whether to remove an abandoned vehicle that is outside the traffic lanes of a highway, as was the car in this case.

This statutory grant of immunity to political subdivisions has nothing to do with the law of nuisance; it has to do with whether the act or omission attributed to the political subdivisions "resulted from the exercise of judgment or discretion." Ohio Rev. Code § 2744.03(A)(5).

Thus, in my view, the nuisance discussion in my brother Martin's opinion is irrelevant.

My brother Cohn's view, however, is that this separate and distinct governmental function defense is unavailable to the defendants because "the purpose of nuisance law is to create a duty to remove nuisances." Thus, he thinks that whether the vehicle on the side of the highway constituted a nuisance is very much at issue and requires jury resolution.

But that is a misreading of the discretionary function statute. Its broad grant of immunity makes no exception for injuries resulting from a nuisance. It does provide three exceptions, but nuisance is not one of them. The three are "discretion . . . exercised with [(1)] malicious purpose, [(2)] in bad faith, or [(3)] in a wanton or reckless manner." Ohio Rev. Code § 2744.03(A)(5). Conspicuously absent from that list of exceptions is "a nuisance."

Nuisance once was a statutory exception to a separate and very different grant of general blanket immunity—the immunity given to political subdivisions engaged in "a governmental or proprietary function." Ohio Rev. Code § 2744.02(A)(1) (West Supp. 2002). But even that exception, which had nothing to do with "discretionary function" immunity, has been withdrawn by the Ohio legislature effective April 9, 2003. Ohio Rev. Code § 2744.02 (West Supp. 2002).

At bottom, my brother Cohn's theory is that the Ohio legislature could not have intended the discretionary function immunity to extend to the discretion not to eliminate a nuisance because if it did, then there would have been "no point in having a law that creates a duty to remove the nuisance at all, as section 2744.02(B)(3) clearly does." Not quite! The Ohio legislature's "point" may well have been to impose an enforceable duty to remove a nuisance when a municipality is engaged in a governmental or proprietary function that did not involve an exercise of discretion.

I would, but only for the foregoing reasons, AFFIRM the district court's judgment.

---

**DISSENT**

---

AVERN COHN, Senior District Judge, dissenting. I dissent. Strangely, the lead opinion finds the abandoned vehicle could be found to be a nuisance, i.e. a dangerous condition, by a jury and then goes on to say as a matter of law that the timing of the removal is discretionary, i.e. Hamilton County is immune because its police officers simply had no obligation to remove the dangerous condition after 30 hours – or perhaps forever. I suggest that this is not discretion but license and that under this rule the municipality could never be held liable for a nuisance in the form of an abandoned car.

The lead opinion first notes that political subdivisions have a duty to keep public roads and highways free from nuisance under Ohio law. *See* OHIO REV. CODE ANN. § 2744.02(B)(3) ("political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridge, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance"). It then holds that the district court was incorrect in its finding that a vehicle that has been abandoned for thirty hours could not be "an actual physical condition" and thus a nuisance under section 2744.02(B)(3). Instead, the lead opinion finds that "the nature of the abandoned vehicle's obstruction and its dangerousness are questions of fact to be determined by a jury."[1] It next finds that "this case turns on whether the function of the patrolling officers in deciding not to have this vehicle towed was discretionary" and decides as a matter of law that "[o]n the facts of this case, their decision not to have

---

[1]Unlike the concurring opinion, I agree with the lead opinion's finding that the vehicle could be a nuisance.

the vehicle towed was discretionary and in no way implies recklessness on the part of the patrolling officers."

These two holdings are incompatible. In essence, the lead opinion holds that the decision *when* to remove a nuisance is discretionary even if the decision *whether* to remove a nuisance is not. This, however, eviscerates a political subdivision's responsibility to remove a nuisance from the road, because deciding when to remove a nuisance will *always* be a matter of choice. Under this interpretation of section 2744.02(B)(3), the defendant in *Harp v. City of Cleveland Heights*, 721 N.E.2d 1020 (Ohio 2000), should not have been held liable for failing to remove a tree limb that was hanging over a public road, because even though the tree limb was a nuisance, it was within the city's discretion to decide *when* to remove it. The Ohio Supreme Court, however, found that it was a nuisance and that the city was liable for failing to remove it. *Id.* at 1025. The purpose of nuisance law is to create a duty to remove nuisances. If a political subdivision can evade the responsibility to remove a nuisance by arguing that it is within its discretion to decide *when* to remove it, then there is no point in having a law that creates a duty to remove the nuisance at all, as section 2744.02(B)(3) clearly does.

The concurring opinion argues that there is never a duty to remove a nuisance because the purpose of section 2744.02(B)(3) is not to create an absolute duty to remove a nuisance, but rather "it may well have been to impose an enforceable duty to remove a nuisance when the municipality is engaged in a governmental or proprietary function that did not involve the exercise of discretion." Section 2744.02(A)(1) of the Ohio Revised Code, however, states:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or

> loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Section 2744.02(B)(3), which follows, then states "political subdivisions are liable for the injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance." A political subdivision's duty to remove a nuisance thus is absolute, not discretionary.[2] The Ohio Court of Appeals has made this lack of discretion clear:

> this court previously held that the "discretionary" defenses set forth in R.C. 2744.03(A)(3) and (5) do not provide immunity where the allegedly negligent act of the political subdivision constitutes a nuisance under R.C. 2744.02(B)(3).

*Jones v. Shelly Co.*, 666 N.E.2d 316, 319-20 (Ohio Ct. App. 1995).[3] While the situation here is failure to remove a

---

[2]The concurring opinion cites Ohio Revised Code section 4513.61 (holding that the sheriff "may order into storage any motor vehicle . . . that has been left . . . within the right-of-way of any road or highway, for forty-eight hours or longer . . . except that when such a motor vehicle constitutes an obstruction to traffic it may be ordered into storage immediately") to support its argument that the decision to remove a nuisance is discretionary. When read in conjunction with section 2744.02 and Ohio case law, though, it is evident that the statute merely defines the *first time* at which the sheriff is authorized to remove a motor vehicle, and it should not be read to mean that the decision whether to remove the nuisance is discretionary.

[3]The Ohio Supreme Court's dictum in *Franks* concerning the discretionary nature of the design and posting of signs presents a situation different from the case here; it is impossible to decide whether and where to post signs and what their content should be without exercising

nuisance rather than creation of a nuisance, the result is no different.[4]

Despite the clear creation of a duty to remove nuisances in section 2744.02(B)(3), the concurring opinion finds that "[u]nquestionably, the decision whether to use personnel to remove a car from the emergency lane or berm of a public highway is purely discretionary" and therefore argues that the municipality is not liable for failing to remove it – ever. Its only support for this finding is that

> The political subdivision is immune from liability if the injury, death, or loss to persons or property *resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use*, equipment, supplies, materials, *personnel*, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

OHIO REV. CODE ANN. § 2744.03(A)(5) (2002) (emphasis added). The concurring opinion does not explain why section 2744.03(A)(5) should apply, though, when section

---

discretion, but if a municipality has a duty to remove a nuisance, then it may do so without exercising discretion. *See Franks v. Lopez,* 632 N.E.2d 502, 506 (Ohio 1994).

[4] Overhanging branches and foliage which obscure traffic signs, malfunctioning traffic signals, signs which have lost their capacity to reflect, or even physical impediments such as potholes, are easily discoverable, and the elimination of such hazards involves no discretion, policy-making or engineering judgment. The political subdivision has the responsibility to abate them and it will not be immune from liability for its failure to do so.
*Franks,* 632 N.E.2d at 505.

2744.02(B)(3) is clearly applicable and denies immunity.[5] All actions by a municipality involve the use of people at some point, so it is not enough to say that an action is discretionary, and therefore immune from liability, just because it involves the use of people. The Ohio courts have recognized and rejected the approach taken by the concurring opinion: "[b]ut a political subdivision can not simply assert that all of its decisions are discretionary in order to obtain protection under R.C. 2744.03(A)(3) and (A)(5)." *Hacker v. Cincinnati*, 721 N.E.2d 416, 420 (Ohio Ct. App. 1998).[6]

Even though the exact timing of the removal of a nuisance is a matter of choice, this does not translate into an unfettered discretion to defer removal indefinitely. According to the lead and concurring opinions, a municipality can allow a nuisance in the form of an abandoned vehicle to remain on a public highway until it rusts away to nothing simply because the decision whether to remove it involves the use of persons and is therefore discretionary. Discretion does not connote an unlimited choice but a reasoned choice - a choice that must not be exercised arbitrarily or irrationally. While it would obviously be inappropriate in most circumstances to hold a

---

[5] The concurrence also notes that removal of a nuisance is not one of the exceptions to section 2744.03(A)(5), but section 2744.03(A)(5) only applies if this is a discretionary act. This circular reasoning begs the real question: is this a discretionary act?

[6] The Ohio Court of Appeals earlier stated:
In oral argument before this court, the city asserted that discretion would be involved in almost any actions of city employees, including a situation where a city vehicle, engaged in a proprietary function, negligently turned left in front of oncoming traffic. In the city's view, such an act--turning left in the exercise of a 'judgment call'--would be 'discretionary.' Thus R.C. 2744.03(A)(5) would afford the city a complete grant of immunity, unless the act was performed in a willful or wanton manner. Horsefeathers. Unfortunately, too many courts have fallen victim to this specious argument.
*McVey v. Cincinnati*, 671 N.E.2d 1288, 1290 (Ohio Ct. App. 1995).

political subdivision liable for not immediately removing a motor vehicle which may become a nuisance, at some point in time it must be deemed to have waited too long. At that point, it would be liable for any injury caused by the nuisance.

I believe that just as a jury should determine whether the abandoned vehicle constituted a nuisance, a jury – not a judge – should determine whether the County failed to remove the abandoned vehicle within a reasonable amount of time.