RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0001P (6th Cir.)
File Name: 04a0001p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

—————————

HIDROFILTROS, DE MÉXICO,
S.A. DE C.V., and JOSÉ
SALTIEL ABOUAF,
　　　*Plaintiffs-Appellants,*

*v.*

REXAIR, INC.,
　　　*Defendant-Appellee.*

No. 02-1823

> —————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-74653—Avern Cohn, Senior District Judge.

Argued: December 2, 2003

Decided and Filed: January 6, 2004

Before: MARTIN and MOORE, Circuit Judges;
McKEAGUE, District Judge.[*]

_____

[*] The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

—————————

### COUNSEL

**ARGUED:** Michael M. Jacob, RAYMOND & PROKOP, Southfield, Michigan, for Appellants. Peter R. Bisio, HOGAN & HARTSON, Washington, D.C., for Appellee. **ON BRIEF:** Michael M. Jacob, Kevin E. Sralla, RAYMOND & PROKOP, Southfield, Michigan, Howard B. Rockman, BARNES & THORNBURG, Chicago, Illlinois, for Appellants. Peter R. Bisio, Craig A. Hoover, HOGAN & HARTSON, Washington, D.C., Jeffrey A. Sadowski, HOWARD & HOWARD, Bloomfield Hills, Michigan, for Appellee.

—————————

### OPINION

—————————

BOYCE F. MARTIN, JR., Circuit Judge. This case involves a straightforward interpretation of a settlement agreement that disposed of a previous trademark-related lawsuit that Rexair, Inc. filed in the district court in 1995 against José Saltiel Abouaf and his company, Hidrofiltros, de México, S.A. de C.V. Saltiel and Hidrofiltros have filed a complaint alleging that Rexair breached the settlement agreement by filing a trademark infringement lawsuit in a Portuguese court against an individual who is allegedly "affiliated" with Saltiel. The district court dismissed the complaint, holding that the settlement agreement did not prohibit Rexair from filing its Portuguese lawsuit. Because we believe there is no other reasonable interpretation of the settlement agreement, we affirm the district court's judgment.

## I. BACKGROUND

### A. The Underlying Lawsuit

Rexair is the manufacturer of the "Rainbow" vacuum cleaner, which it distributes in over eighty countries. Prior to the 1995 litigation, Saltiel had distributed Rexair's products in Mexico through his company, Hidrofiltros. In 1995, Rexair filed a complaint in the district court against Saltiel and Hidrofiltros, alleging that they manufactured – through another company owned by Saltiel, called Turmix – and sold a knock-off of the Rainbow called the "Robot." Rexair's complaint asserted various contract, tort, trademark and copyright claims, and Saltiel and Hidrofiltros, in turn, asserted several counterclaims. The district court dismissed Rexair's trademark and copyright claims for lack of jurisdiction because the alleged acts of infringement took place in Mexico and were perpetrated by Mexican citizens. It also dismissed Saltiel's and Hidrofiltros's counterclaims. After those rulings, the only claims that remained were Rexair's contract and business tort claims.

### B. The Settlement Agreement

The parties subsequently entered into the settlement agreement at issue in this case, by which Saltiel and Hidrofiltros agreed, among other things, to pay Rexair a total of $100,000.00 and to refrain from infringing Rexair's Rainbow trademark in the future, in exchange for the voluntary withdrawal of Rexair's remaining contract and tort claims. The relevant provisions of the settlement agreement, for purposes of this appeal, are paragraphs 2a and 3. Paragraph 2a states:

Saltiel and Hidrofiltros agree not to use, either directly or indirectly (e.g., through Saltiel family members, agents, employees or companies owned or controlled by or affiliated with Saltiel), any of Rexair's trademarks or any confusingly similar trademarks in either printed materials

or on machines or accessories. Saltiel and Hidrofiltros also agree not to use, either directly or indirectly (e.g., through Saltiel family members, agents, employees or companies owned or controlled by or affiliated with Saltiel), any product manual or packaging (including the box in which the Robot vacuum cleaner is marketed or sold), that is the same or confusingly similar to those used for Rexair's Rainbow® products. The sole exception to this is that Saltiel and Hidrofiltros or their agents or affiliates, without being deemed to be in violation of the foregoing provisions of this subparagraph 2.a., may use up the remaining stock of certain existing materials in conjunction with the sale of Robot vacuum cleaners . . . .

Paragraph 3 states:

The parties agree that the Court in which this Action is pending [*i.e.*, the United States District Court for the Eastern District of Michigan] will retain exclusive and continuing jurisdiction over this Agreement and over Saltiel, Hidrofiltros and Rexair for purposes of enforcing this Agreement . . . .

### C. The Present Dispute

Following the execution of the settlement agreement, no disputes arose between the parties for almost four years. In May 2001, however, the situation changed. Rexair filed a lawsuit in Lisbon, Portugal, against Joao Paulo da Silva Vilarinho, an individual who sold Turmix's Robot vacuum cleaners in Portugal. Rexair alleged that by importing and selling those vacuum cleaners, Vilarinho, through his company, Delphin Lusitana Lda, infringed its Rainbow trademark. Accordingly, Rexair requested a seizure of the allegedly infringing products and sought an injunction preventing Vilarinho from importing and selling them.

On July 5, 2001, Saltiel and Hidrofiltros filed a motion in the district court seeking a temporary restraining order and a preliminary injunction prohibiting Rexair from proceeding with the Portuguese lawsuit against Vilarinho. On July 31, after briefing and oral argument, the district court denied the motion in a telephonic hearing, reasoning that it would be inappropriate to enjoin an ongoing case in Portugal. On July 25, the Portuguese trial court denied Rexair's motion for injunctive relief against Vilarinho, a decision that the Portuguese appellate court affirmed on November 20.[1]

On December 6, Saltiel and Hidrofiltros filed the instant complaint against Rexair in the district court, alleging breach of contract and seeking declaratory relief. Specifically, the complaint alleged that Rexair breached the parties' settlement agreement by filing "a Complaint in Portugal against an agent/employee of Saltiel, namely: Vilarinho, alleging various violations of the same or corresponding Rexair trademarks which were at issue" in the parties' underlying dispute. The complaint requested a declaratory judgment providing, among other things, that the district court "has exclusive and continuing jurisdiction over Saltiel, Hidrofiltros and Rexair for purposes of enforcing Rexair's trademark(s) against Saltiel and Hidrofiltros and others as defined in ¶¶ 2a and 2c of the Settlement Agreement and to resolve any and all disputes which may arise between Saltiel, Hidrofiltros and Rexair only with respect to such trademark(s)."

On May 23, the district court granted Rexair's motion to dismiss the complaint, holding that the settlement agreement "clearly does not require Rexair to bring a trademark suit in this Court and indeed Rexair could not have brought a trademark case, based on Portuguese trademark law against Vilarinho, a Portuguese national and owner of a Portuguese company, in this Court under the [settlement agreement]."

---

[1] Rexair subsequently appealed to the supreme court of Portugal, but later voluntarily withdrew that appeal.

The district court also reasoned that paragraphs 2a and 3 "simply mean that should Saltiel and Hidrofiltros, or its agents, employees, or affiliates be found (in any court of competent jurisdiction) to have infringed Rexair's trademarks, then Rexair may come to this Court and sue Saltiel and Hidrofiltros for breach of the [settlement agreement] for having violated ¶ 2a."

Rexair argues that this appeal is frivolous and has, accordingly, filed a motion for sanctions against Saltiel and Hidrofiltros, along with their counsel, pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912 and 1927.

## II. ANALYSIS

We review *de novo* a district court's dismissal of a complaint for failure to state a claim on which relief can be granted. *Theobald v. Bd. of Cty. Comm'rs*, 332 F.3d 414, 415 (6th Cir. 2003). While we must consider as true the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff, we need not accept as true legal conclusions or unwarranted factual inferences. *See Booker v. GTE.net LLC*, No. 02-6190, 2003 WL 22967930, at * 2 (Dec. 5, 2003). Under Michigan law, which applies in this diversity case, we must enforce the terms of the settlement agreement as written, "interpreting the unambiguous language in its plain and easily understood sense." *Gelman Sciences, Inc. v. Fidelity and Cas. Co. of New York*, 572 N.W.2d 617, 623 (Mich. 1998) (citing *Upjohn Co. v. New Hampshire Ins. Co.*, 476 N.W.2d 392, 397 (Mich. 1991)). "If the contract terms are not ambiguous, then contradictory inferences that may be drawn are subjective and irrelevant." *Pierson Sand & Gravel, Inc. v. Pierson Twp.*, 851 F. Supp. 850, 858 (W.D. Mich. 1994) (citation omitted), *aff'd*, 89 F.3d 835 (6th Cir. 1996). We believe, and the parties agree, that the settlement agreement is unambiguous. Therefore, we are bound to enforce the plain meaning of its terms.

Saltiel and Hidrofiltros argue that the settlement agreement contains an explicit promise by Rexair to forbear the initiation of foreign trademark litigation against them or their agents or affiliates in any forum other than the district court for the Eastern District of Michigan, and that Rexair has breached that promise by filing suit in Portugal. Specifically, they contend that Rexair's Portuguese lawsuit was brought "for purposes of enforcing" paragraph 2a of the settlement agreement because it sought to prevent an individual "affiliated with Saltiel" from infringing Rexair's trademarks. Because paragraph 3 provides that the district court retains "exclusive" jurisdiction over the parties "for purposes of enforcing" the settlement agreement, Saltiel and Hidrofiltros claim that Rexair breached the settlement agreement by filing its lawsuit outside of that forum.

We disagree. Contrary to the assertion of Saltiel and Hidrofiltros, the settlement agreement is completely silent as to Rexair's ability to file a lawsuit in any forum it chooses for purposes other than enforcing the agreement. While paragraph 3 contemplates that the district court possesses "exclusive" jurisdiction over the parties "for purposes of enforcing" the settlement agreement, neither paragraph 2a nor any other provision of the agreement prohibits Rexair from pursuing other remedies that it may have in any appropriate forum. Rexair's Portuguese lawsuit was by no means brought "for purposes of enforcing" the parties' settlement agreement. Rather, the purpose of the Portuguese lawsuit was to prevent Vilarinho from violating Portuguese law by infringing Rexair's trademarks. Rexair sought to enjoin Vilarinho from selling the infringing products, not to recover any damages from Saltiel or Hidrofiltros for breach of the settlement agreement or to force them to comply with its terms.

Had the parties intended to place additional restrictions upon Rexair's right to pursue legal remedies, they certainly could have drafted their settlement agreement accordingly. As written, however, the settlement agreement simply cannot be interpreted as limiting Rexair's rights in the manner

suggested by Saltiel and Hidrofiltros. Because Rexair's Portuguese lawsuit was not brought "for purposes of enforcing" the settlement agreement, the claims asserted in that lawsuit do not fall within any "exclusive" jurisdiction that the Eastern District of Michigan may possess. Therefore, Rexair did not breach the settlement agreement by filing its Portuguese lawsuit.[2]

With respect to Rexair's motion for sanctions, while we certainly believe that the time and resources of the parties and the Court would have been better spent on matters other than this appeal, we nevertheless find that the circumstances do not warrant the imposition of sanctions against Saltiel or Hidrofiltros, or their counsel.

For the foregoing reasons, the district court's judgment is AFFIRMED and Rexair's motion for sanctions is DENIED.

---

[2]Counsel for Saltiel and Hidrofiltros has argued that we should remand this case to the district court for an evidentiary hearing on the issue of whether Vilarinho was "affiliated with Saltiel" within the meaning of paragraph 2a. That issue is irrelevant, however, given our conclusion that Rexair's Portuguese lawsuit was not brought "for purposes of enforcing" the settlement agreement and, hence, could not fall within any "exclusive" jurisdiction that the Eastern District of Michigan may have possessed by virtue of paragraph 3.